Turner, J.
 

 The only ground of reversal by the Court of Appeals, as shown by its journal entry, was “that the verdict of the jury as to the third count of the indictment is not responsive thereto.”
 

 The gist of the opinion of the Court of Appeals is contained in a single sentence:
 

 “Upon the facts presented in this case, we can say in a lengthy detailed reasoned opinion only that which we can and do say in a word, that is that in our opinion, the verdict of the jury as to the third count of the indictment is not responsive thereto.”
 

 It is the theory of counsel on both sides that the reason for the holding of the Court of Appeals was that the verdict form contained the words “of embezzlement.” While we doubt that such was the reason for the holding, we will discuss the case first under counsel’s theory.
 

 The original predecessors of Section 12878, General Code, were Sections 671 and 675 of the Municipal Code adopted May 7, 1869, 66 Ohio Laws, 263. This law was amended in 73 Ohio Laws, 116. Instead of prescribing an independent penalty the section provided that upon conviction the defendant “be sentenced by such court to all and singular the same punishment as
 
 *44
 
 may be. provided by any law then in force for the punishment of'• embezzlement or breach of trust. ” '
 

 The law: was again amended in 74 Ohio Laws, 250, in a general revisión of the criminal code, the marginal note being “embezzlement by municipal officers.” Under this section as amended it was provided that the offender “shall be deemed guilty, of embezzling the amount so diverted, appropriated, or applied, and punished accordingly.” '
 

 In this last form it was carried into the Revised Statutes''as Section-684.6 with headnote “Embezzlement by municipal and school officers.” The statute remained in this form until the 1910 codification when the language was changed to its present reading. It will thus be seen that the General Assembly has treated this statute as if diversion constituted embezzlement. Under .the statute as it now stands, and as it has stood since the 73 Ohio Laws revision, the jury is required to find “the amount of money or other property embezzled,” which in our opinion includes diversion.
 

 Section 12879 of the General Code provides:
 

 “The fine provided for in the next preceding section, shall be a judgment at law on all of the estate of the person sentenced and be enforced to collection by execution or other process for the use only of the owner of the property or effects so embezzled, and such fine ■shall only be released or entered as satisfied by the person in interest as aforesaid.”
 

 The forerunner of this section was Section 15 of the act to be found in 55 Ohio Laws, 44, 50.
 

 In the case of
 
 Norman
 
 v. State, 109 Ohio St., 213, 142 N. E., 234, this court held:
 

 “Verdicts are to' have a reasonable intendment and to have a reasonable construction and are not to be avoided unless from necessity originating in doubt of their import or irresponsiveness to the issues submit
 
 *45
 
 ted, or unless they show a manifest tendency to work injustice. A verdict is sufficient in form if it decides the question in issue in such a way as to enable the court intelligently to base a judgment thereon.”
 

 In the course of the opinion Judge Day said at page 222:
 

 “Verdicts are to have a reasonable intendment, and a reasonable construction, and are not to be avoided unless from necessity originating in doubt of their import or irresponsiveness to the issues submitted, or unless they show a manifest tendency to work injustice.” See, also,
 
 Woodford
 
 v.
 
 State,
 
 1 Ohio St., 427, 430.
 

 Therefore, the fact that the verdict form contains the words “of embezzlement” does not render the verdict unresponsive.
 

 Even were it to be held that the words “of embezzlement” were improperly written into the verdict form, we are of the opinion that these words should be treated as surplusage. We fail to see wherein the defendant could be prejudiced by the use. of such words in-the verdict form. 23 Corpus Juris- Secundum, 1076, Section 1397, page 1081, Section 1400.
 

 By resort to the opinion of the. Court of Appeals we conclude that the reason for the holding of that court was something other than counsel’s theory. In its opinion that court said: .
 

 “Obviously we need not and do not pass upon the questions whether the verdict drawn by the clerk, and apparently approved by the trial judge, was properly drawn, or the claim that the verdict of the jury is against the manifest weight of the evidence.”
 

 We do not see how the Court of Appeals could have used' the language contained in the first part of the foregoing sentence if counsel’s theory be correct..
 

 The finding that the verdict was not responsive arises, we' think, from the fact that the figure relied
 
 *46
 
 upon by the Court of Appeals as the total amount set up in the bill of particulars was smaller than the amount which the jury found to have been embezzled. The figure used by the Court of Appeals in its opinion as the total amount diverted is $4,214.14 which is a figure that appears in the brief filed in the Court of Appeals on behalf of Anna McNicol. This figure was not challenged by the prosecuting attorney and the court evidently accepted it as correct. However, by reference to the bill of particulars we find that the total amount shown in the bill of particulars is $4,414.14 but $170.10 of this amount is not contained in the tabulations. The tabulations amount to $4,244.04, the exact amount found by the jury in its verdict. The jury either overlooked this $170.10 or were not satisfied that this amount should be included. Had the jury found an amount greater than was contained in the bill of particulars then, of course, such verdict would not be responsive. As it is, no prejudice to appellee is present.
 

 Where the prosecuting attorney files a bill of particulars the state is confined to the- items set down therein and a verdict may not be upheld which finds as the amount embezzled a greater amount than appears in the bill of particulars.
 

 Two errors only were assigned in the Court of Appeals on behalf of Anna McNicol:
 

 1. Error in the charge of the court. (This assignment, according to its opinion, was disposed of by the Court of Appeals.)
 

 ■ .2. The verdict is contrary to the evidence and against' the weight of the evidence. In its opinion the Court of Appeals said:
 

 • “Obviously we need not and do not pass upon * * * the claim that the verdiét of the' jury is against the. manifest weight of the evidence.”
 

 This leaves the second assignment of error undis
 
 *47
 
 posed of by the Court of Appeals and requires tbe remanding of tbe case to that court.
 

 Tbe fact that Anna McNicol was found not guilty on the other two counts in the indictment is immaterial.
 

 In the case of
 
 Browning
 
 v.
 
 State,
 
 120 Ohio St., 62, 165 N. E., 566, it was held:
 

 “The several counts of an indictment containing more than one count are not interdependent. A verdict responding to a designated count will be construed in the light of the count designated, and no other. An inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count.
 
 (Griffin
 
 v.
 
 State,
 
 18 Ohio St., 438, approved and followed.) ”
 

 In the third count of the indictment Anna McNicol was not accused of appropriating to herself but she was accused of diverting and applying the funds in question for the use and purpose of the garbage fund.
 

 In the case of
 
 State
 
 v.
 
 Johnson,
 
 53 Ohio St., 307, 41 N E., 256, the charge was that the defendant had converted the money
 
 to his own use
 
 which constituted an offense under Section 6841, Revised Statutes. The syllabus shows that the case is not applicable here:
 

 “The object of Section 6846, Rev. Stat., is to punish as an offense the diversion, appropriation or application of the funds of a municipal corporation, or of a board of education, by an officer or agent there named, to a use other than that for which the funds were raised, a conversion of the money to his own use by such officer or agent is an offense under Section 6841, punishing the embezzlement of public money, and is not within the language or spirit of the above section.,r
 

 We are, therefore, of the opinion that the verdict of the jury was responsive to the third count of the indictment and that the judgment of the Court of Appeals should be and hereby is reversed and the case re
 
 *48
 
 manded to the Court of Appeals for further proceedings not inconsistent herewith. (Section 12223-31, General Code.)
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Williams, JJ., concur.