This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Matilda Tebcherani appeals the verdict rendered in the Common Pleas Court of Summit County convicting her of one count of compelling a child under the age of thirteen to submit to felonious sexual penetration. We affirm.
 I.
On November 19, 1998, Tebcherani was indicted on five counts of felonious sexual penetration, in violation of R.C. 2907.12(A)(1)(b), for acts that were alleged to have occurred between March of 1993 and June 30, 1996, and five counts of rape, in violation of R.C. 2907.02(A)(2), alleged to have occurred between July 1, 1996 and April 1998. All of the charges concerned the same victim. Each felonious sexual penetration count alleged that Tebcherani had purposely compelled her victim, who was under thirteen years of age, to submit by force or threat of force, in violation of R.C. 2907.12(A)(1)(b). The victim alleged that Tebcherani was her babysitter and that Tebcherani repeatedly committed these violations when Tebcherani babysat her. Tebcherani tendered a not guilty plea.
On February 22, 1999, a jury found Tebcherani guilty on one count of felonious sexual penetration, and acquitted her on the Cbalance of the charges. The trial court sentenced her to life in prison, in accordance with R.C. 2907.12(A)(1)(b) and (B).
Tebcherani timely appeals, asserting eight assignments of error. They have been rearranged for ease of discussion.
 II. ASSIGNMENT OF ERROR ONE
 THE JUDGMENT OF CONVICTION AND SENTENCE WAS VOID AS A MATTER OF LAW, AS IT WAS BASED UPON A VERDICT THAT WAS DEFECTIVE AND VOID FOR VAGUENESS AND UNRESPONSIVENESS, AND WHICH DID NOT PROPERLY AND LAWFULLY CONSTITUTE A FINDING OF GUILTY OF FELONIOUS SEXUAL PENETRATION UPON WHICH A LIFE SENTENCE, OR ANY SENTENCE, COULD BE RENDERED.
In assignment of error one, Tebcherani contends that the verdict is void and must be vacated because, she asserts, it fails "to address and respond to the central issues of the case, and to find the specific and essential elements necessary before a life sentence or any sentence could be imposed[.]" Her contention is based on the fact that the verdict form (1) omits language that Cthe jury must find that the victim was under the age of thirteen, and (2) instead of stating that the jury found that Tebcherani "purposely compell[ed] the victim to submit by force or threat of force," states that Tebcherani "did use force during the commission of the Felonious Sexual Penetration." Tebcherani is correct in asserting that the verdict form was defective, however the errors were not outcome-determinative, and hence, not a ground for reversal.
Tebcherani was charged with five identical counts of purposely compelling a person under the age of thirteen to submit to felonious sexual penetration by force or threat of force. Felonious sexual penetration is an aggravated felony of the first degree. R.C. 2907.12(B). It carries a life sentence if the defendant is found to have purposely compelled a person less than thirteen years of age to submit to the felonious sexual penetration by force or threat of force. R.C. 2907.12(B). Therefore, as Tebcherani correctly points out, "it is essential that the jury's verdict clearly demonstrate that it found" that the victim was under the age of thirteen, and that appellant purposely compelled the victim to submit by force or threat of force. Tebcherani argues that the jury verdict does not reflect that it found her guilty of either of these requirements and therefore the verdict is void.
In determining whether the jury was adequately informed of its responsibility under R.C. 2907.12(A)(1)(b) and (B), this Court is obligated to view the jury instructions including the verdict forms in their entirety. See State v. Hill (1995), 73 Ohio St.3d 433, 439, citingState v. Lorraine (1993), 66 Ohio St.3d 414, 425 and State v. Landrum
(1990), 53 Ohio St.3d 107, 122.
The indictment charging Tebcherani with five identical counts of felonious sexual penetration was read to the jury during the court's instructions:
 MATILDA TEBCHERANI on or about March, 1993 through the 30th day of June, 1996, * * * did commit the crime of FELONIOUS SEXUAL PENETRATION, in that she, did without privilege to do so, insert any part of the body or any instrument, apparatus, or other object, to-wit: finger into the vaginal or anal cavity of [the victim], who was not the spouse of MATILDA TEBCHERANI or who was the spouse but was living separate and apart, when [the victim] was less than thirteen years of age, whether or not MATILDA TEBCHERANI knew the age of such person and did purposely compel said [victim] by force or threat of force, in violation of Section 2907.12(A)(1)(b) of the Ohio Revised Code, AN AGGRAVATED FELONY OF THE FIRST DEGREE [.]
The verdict form is titled "INDICTMENT FOR FELONIOUS SEXUAL PENETRATION (3/93 — 6/30/96)," and reads: "We the Jury * * * find the Defendant, MATILDA TEBCHERANI GUILTY of the offense of Felonious Sexual Penetration. We further find the Defendant, MATILDA TEBCHERANI, DID use force during the commission of the Felonious Sexual Penetration."
In analyzing the obviously incomplete verdict form, we look to other courts that have faced similar situations. For example, in State v.Giles (July 14, 1994), Cuyahoga App. No. 65731, unreported, the defendant was indicted on, among other things, several charges of gross sexual imposition. The trial court properly charged the jury with respect to the elements of the crime of gross sexual imposition but erroneously stated that the charge was gross sexual penetration. Ohio law does not recognize the crime of gross sexual penetration. Id. After the mistake was pointed out, the trial judge instructed the jury that he misspoke. However, the jury verdict form contained the language of gross sexual penetration and the jury found the defendant guilty. Id. The defendant moved for acquittal on that count arguing that the judgment was void because he could not be convicted of a crime that is not recognized in Ohio law. The trial court denied the motion based on the fact that the jury had been properly charged as to the elements of gross sexual imposition, and sentenced defendant according to the gross sexual imposition statute.Id.
The Eighth District Court of Appeals found that the verdict was responsive to the issues submitted to the jury. Id. The appellate court reasoned that "although the jury verdict form stated gross sexual penetration, it is not disputed that the jury was properly charged with the elements of the crime of gross sexual imposition and, thus, the verdict can be given force and effect." Id.
In State v. Davie (1997), 80 Ohio St.3d 311, 326, the Ohio Supreme Court reviewed a trial judge's action of changing the wording on the verdict form after the verdict had been rendered over defense counsel's objection. The verdict form read that the defendant was guilty of kidnapping but listed the elements of aggravated robbery. The trial judge changed the wording on the verdict to correct the discrepancy. The Ohio Supreme Court held that Davie was not prejudiced by the court's correction, and that the action of the trial court did not amount to an abuse of discretion.
Furthermore, in State v. Biros (1997), 78 Ohio St.3d 426, 436, the defendant argued that he was not statutorily eligible for the death penalty because the indictment omitted language alleging that he was the principal offender, the judge failed to instruct on "principal offender," and because the verdict forms failed to reflect that the jury found the defendant to be the principal offender. After analyzing the evidence adduced at trial concerning whether the defendant was the principal offender, the Ohio Supreme Court found that the indictment was sufficient and that the omission of the "principal offender" language in the jury instructions and verdict forms was not outcome-determinative. Id. at 438-439.
We are mindful that the Supreme Court of our state has held that "[j]ury verdicts in criminal cases are to have reasonable constructions and are not to be declared void unless from necessity originating in doubt of their import or irresponsiveness to the issue submitted, or unless they show a manifest tendency to work injustice." State v.McNicol (1944), 143 Ohio St. 39, paragraph two of the syllabus.
We emphasize that this particular case is unique in that each of the five counts of felonious sexual penetration charged against Tebcherani was identical in all respects. When instructing the jury on its duty, the trial judge read the indictment. The indictment informed the jury of all the elements comprising the life sentence offense of felonious sexual penetration under R.C. 2907.12(A)(1)(b) and (B), as the exact language of those sections containing all the elements for that offense was correctly recited in each count of the indictment. Furthermore, the judge correctly instructed the jury on the issue of force.
Additionally, we underscore that the evidence in this case does not reasonably suggest that an individual juror could have found that the victim was not under the age of thirteen when the violations occurred, or that Tebcherani did not purposely compel the victim to submit by force or threat of force. See State v. Sneed (1992), 63 Ohio St.3d 3. (The Ohio Supreme Court analyzed the evidence adduced at trial in deciding whether a criminal verdict form was defective so as to constitute plain error.). See, also, State v. Biros, supra.
We find that when the jury instructions including the verdict form are viewed in their entirety, the trial court adequately informed the jury of its responsibility under R.C. 2907.12(A)(1)(b) and (B). Therefore, we are unable to conclude that the entry of judgment of conviction upon the technically defective verdict form constituted fundamental error of such magnitude as to affect either a substantial right of Tebcherani, see Crim.R. 52(B), or "the fairness, integrity or public reputation of the judicial proceedings." State v. Craft (1977), 52 Ohio App.2d 1, 7
(citation omitted). The jury verdict in this case is not unresponsive to the issue submitted nor does it show "a manifest tendency to work injustice." McNicol, supra.
Accordingly, Tebcherani's first assignment of error is found not well-taken.
ASSIGNMENT OF ERROR TWO
 THE JURY'S FINDING OF THE ELEMENT OF FORCE WAS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.
 Tebcherani insists that even if this Court finds, in assignment of error one, "that the jury's finding that Tebcherani `did use force in the commission' of the offense is sufficient to establish the element of force as defined in the statute, such finding is based on insufficient evidence[.]"
Specifically, Tebcherani argues that the trial court's instructions to the jury "expressly limited the kind of evidence necessary to sustain a finding of the force element as defined in R.C. 2907.12(B) to `any violence, compulsion, or constraint physically exerted by any means upon a person or a thing.'" (Emphasis sic.) However, a review of the record shows the contrary.
In instructing the jury, the trial court stated: "I've defined for you purposefully. Let me define force. Force means any violence, compulsion, or constraint physically exerted by any means upon a person or a thing. Threat. Threat includes direct and indirect threat. The victim need not prove physical resistance to the defendant."
Tebcherani was convicted of one count of felonious sexual penetration, in violation of R.C. 2907.12(A)(1)(b). The jury also found that she purposely compelled her victim to submit by force or threat of force, mandating imprisonment for life under R.C. 2907.12(B). Tebcherani contends that there was no evidence of force to support the jury's finding. This Court disagrees.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported. CThis Court must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. "In essence, sufficiency is a test of adequacy." Statev. Thompkins (1997), 78 Ohio St.3d 380, 386.
Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A). "The element of force is established if the prosecution can show that the victim's will was overborne by fear or duress. Moreover, force need not be overt or physically brutal. Force can be subtle and psychological."State v. Martinez (Nov. 17, 1995), Lucas App. No. L-95-009, unreported (citations omitted).
The record reflects that "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that [Tebcherani purposely compelled her victim to submit by force or threat of force] beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. The victim testified that Tebcherani would remove the victim's panties before she would put her fingers inside the victim's vagina, and that Tebcherani would threaten the victim telling her that Tebcherani would "do stuff to [the victim's] younger sister" if she told anyone. The victim further testified that Tebcherani, knowing that the victim's mother was in poor health, would tell the victim that if the victim told her mom that it "would cause [the victim's] mom to have a heart attack." See Statev. Robertson (Feb. 2, 2000), Summit App. No. 19072, unreported.
The second assignment of error is rejected.
ASSIGNMENT OF ERROR THREE
 THE JURY'S FINDING OF THE ELEMENT OF FORCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Tebcherani's third assignment of error propounds that the jury's finding of force is against the manifest weight of the evidence because the state's evidence focused on force as defined as defined in State v.Dye (1998), 82 Ohio St.3d 323, 329. In Dye, the Ohio Supreme Court held that "a person in a position of authority over a child under thirteen may be convicted of rape of that child with force pursuant to R.C.2907.02(A)(1)(b) and (B) without evidence of express threat of harm or evidence of significant physical restraint." In support, Tebcherani notes that the state requested the trial court to instruct the jury accordingly, and the trial court refused.
Tebcherani states that throughout the trial the state set forth evidence to establish that Tebcherani compelled submission through her authority as a babysitter who was a friend of the victim's parents. Tebcherani then leaps to the conclusion that "the jury found `use of force' based on this type of psychological force rather than any evidence of actual physical force or threat of physical force," in support of her argument that the verdict is against the manifest weight of evidence.
 When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
After a thorough review of the evidence, this Court cannot conclude that the jury clearly lost its way and created such a manifest miscarriage of justice in finding that Tebcherani purposely compelled her victim to submit by force or threat of force, such that the conviction must be reversed and a new trial ordered.
Tebcherani's third assigned error is overruled.
ASSIGNMENT OF ERROR SIX
 THE CONVICTION FOR FELONIOUS SEXUAL PENETRATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Tebcherani has set forth two incidents that the victim testified to and argues that a verdict based on these incidents is against the manifest weight of the evidence. We disagree.
Tebcherani had been charged with five identical counts of felonious sexual penetration. The victim testified about a number of incidents that had occurred between March of 1993 and June 30, 1996. The evidence shows that the jury did not clearly lose its way in finding that Tebcherani, without privilege, did:
 insert any part of [her] body or any instrument, apparatus, or other object into the vaginal or anal cavity of another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age, whether or not [Tebcherani] kn[ew] the age of the other person.
R.C. 2907.12(A)(1)(b). Accordingly, her sixth assignment of error is rejected.
ASSIGNMENT OF ERROR FOUR
 THE CONVICTION FOR FELONIOUS SEXUAL PENETRATION WAS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW IN LIGHT OF THE SPECIFIC ALLEGATIONS SET FORTH BY THE STATE IN ITS BILL OF PARTICULARS.
In the fourth assignment of error, Tebcherani again attacks the sufficiency of the evidence. In this assignment, however, Tebcherani avers that because the state was not confined in its proof to the items set forth in the bill of particulars, the verdict cannot be upheld. Because no objection was raised in the trial court, Tebcherani has waived all but plain error. State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus.
"The purpose of the bill of particulars is to inform an accused of the exact nature of the charges against him so that he can prepare his defense thereto." State v. Fowler (1963), 174 Ohio St. 362, 364. "It is not intended to provide the defendant with a synopsis of the evidence against him. * * * A bill of particulars is used when the indictment is so lacking in specific information that the defendant is unable to adequately prepare his defense." State v. Carter (Apr. 13, 1983), Summit App. Nos. 10898 cand 10933, unreported (citations omitted). "[W]hen the state permits open-file discovery, `a bill of particulars is not required.'" State v. McDay (Sept. 20, 2000), Summit App. No. 19610, unreported, citing State v. Sarnescky (Feb. 12, 1986), Summit App. No. 12257, unreported.
As previously set forth, the indictment alleged that:
 MATILDA TEBCHERANI on or about March, 1993 through the 30th day of June, 1996, * * * did commit the crime of FELONIOUS SEXUAL PENETRATION, in that she, did without privilege to do so, insert any part of the body or any instrument, apparatus, or other object, to-wit: finger into the vaginal or anal cavity of [the victim], who was not the spouse of MATILDA TEBCHERANI or who was the spouse but was living separate and apart, when [the victim] was less than thirteen years of age, whether or not MATILDA TEBCHERANI knew the age of such person and did purposely compel said [victim] by force or threat of force, in violation of Section 2907.12(A)(1)(b) of the Ohio Revised Code, AN AGGRAVATED FELONY OF THE FIRST DEGREE [.]
On January 29, 1999, Tebcherani filed a motion for a bill of particulars. A status hearing was held on February 2, 1999, wherein the court granted Tebcherani's motion. Extensive discussion was had on the record concerning the lack of exact dates of the alleged incidents, and ways in which to narrow the alleged time frame. The state filed a response to Tebcherani's request on February 3, 1999, along with a motion stating that, pursuant to Crim.R. 16, the state would provide open-file discovery.
The state's response asserted that: "Tebcherani had sexual contact with the minor victim * * * beginning in March 1993. The sexual contact occurred when [Tebcherani] * * * was alone with the victim. As [Tebcherani] babysat the victim on a weekly basis, the sexual contact also occurred on a weekly basis. This behavior continued through April 1998."
On February 5, 2000, the state filed a supplement to its response to Tebcherani's request for a bill of particulars that further narrowed the time frame of the alleged incidents.
On the morning of trial, February 8, 1999, Tebcherani filed a motion to dismiss the indictment, arguing that the indictment and bill of particulars were devoid of specificity as to the approximate dates of the alleged criminal conduct. The state dismissed counts nine and ten of the indictment, both of which charged Tebcherani with rape. A hearing was held with respect to Tebcherani's motion to dismiss the indictment, as well as to discuss other pre-trial motions.
Tebcherani's counsel argued that the indictment, along with the bill of particulars and its supplement were not specific enough to enable him to prepare an adequate defense. The court questioned the state extensively as to any specific dates of which it had knowledge. The state narrowed the time frame according to the information discovered. Counsel for Tebcherani insisted that there was still not enough information. The trial court offered defense counsel a continuance, which counsel accepted. The matter was continued for additional discovery, and reset for trial on February 17, 1999. The state provided defense counsel with a timeline that the prosecutor and the victim had created to help clarify all of the information available to the state.
On appeal, Tebcherani pounces on the words "sexual contact" found in the bill of particulars. She avers that because felonious sexual penetration does not constitute "sexual contact," had the state been confined to the language of the bill of particulars, the evidence would have been insufficient to convict her for "sexual contact." This argument necessitates the faulty premise that a defendant could be convicted of crimes alleged in a bill of particulars.
We note that Tebcherani was not charged with "sexual contact," but rather, felonious sexual penetration. Therefore, if we were to adopt her argument we would in effect be saying that a bill of particulars could serve the same function as an indictment.
The bill of particulars is a pre-trial discovery device intended to provide the defendant with notice of the nature of the charges levied against him to enable him to prepare a defense. It is not intended to "indict" a defendant on additional charges, or to amend the indictment.
Because the state provided open-file discovery, a bill of particulars was not even necessary. See State v. Sarnescky, supra. The record clearly establishes that the defendant had notice of the nature of the pending charges. Therefore, the purpose of the bill of particulars was fulfilled. We emphasize that this was not a case in which a specific amount of money or drugs was involved, and where differing amounts of such would constitute different offenses or mandate different penalties.
We find no plain error.
ASSIGNMENT OF ERROR FIVE
 THE TRIAL COURT ERRED IN GIVING CONFUSING AND CONFLICTING INSTRUCTIONS TO THE JURY REGARDING THE ELEMENTS OF FELONIOUS SEXUAL PENETRATION AS SPECIFIED IN THE INDICTMENT TOGETHER WITH THE GENERAL ELEMENTS OF THE CRIME AS DEFINED BY STATUTE.
In her fifth assignment of error, Tebcherani charges that the jury was fundamentally misled concerning the standard by which it must find her guilty of felonious sexual penetration. She did not object at trial to the instructions, and thus waived all but plain error. State v.Underwood (1983), 3 Ohio St.3d 12, syllabus. This Court finds no error.
Tebcherani asserts that the indictment specified in each count of felonious sexual penetration that the act was committed "with the insertion of a finger as opposed to any other objects enumerated in R.C.2907.12." She believes it follows then, that the jury instructions should have been limited "to the issue of whether a finger was ever used[.]" We reject her argument in toto.
The purpose of the language in an indictment is "to give the defendant notice of all the elements of the offense with which the defendant is charged." Crim.R. 7(B). The indictment in this case contained the exact language of felonious sexual penetration under R.C. 2907.12(A)(1)(b) and (B). The "to-wit" language was merely surplusage, not an element of the crime.
The Eighth District Court of Appeals faced a similar challenge in Statev. Lawson (May 1, 1975), Cuyahoga App. No. 33171, unreported. The indictment charged the defendant with the rape of his step-daughter, Karen Cole, and the statute under which the defendant was charged required that the rape be committed upon the defendant's natural daughter. Noting that the indictment stated that the defendant had "committed rape upon a female, to-wit: Karen Cole," the Eighth District Court of Appeals found that the defendant was not prejudiced. The court reasoned that:
 The language which names Karen Cole as the [defendant's] step-daughter is surplusage and in no way changes the nature of the indictment from one charging rape. * * * The primary purpose of an indictment is to inform the defendant of the offense with which he is charged, so that he may prepare for trial, and this is the standard employed by a reviewing court in determining the sufficiency of the indictment itself. The law now tends to disregard matters which are merely technical, and which do not affect the substantial rights of a defendant or prejudice him in his defense. Burke v. State (1877), 34 Ohio St. 79.
Id.
This Court will not invent law that limits the evidence and jury instructions to the allegations found in the surplusage of the indictment. We find no error.
ASSIGNMENT OF ERROR EIGHT
 APPELLANT WAS DENIED HER CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.
Tebcherani pleads this Court to reverse her conviction based on ineffective assistance of trial counsel. She argues that she was prejudiced by her counsel's failure to "raise the issue or to enforce the rule of law that the state is bound to the allegations of fact in a bill of particulars," and failure to object "to the confusing and misleading jury instructions of the trial court as detailed under Assignment of Error Five."
However, reversal of convictions on ineffective assistance requires that the defendant show, first, that "counsel's performance was deficient" and, second, that the deficient performance "prejudiced the defense * * * [so as to] deprive the defendant of a fair trial."Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. Accord State v. Bradley (1989), 42 Ohio St.3d 136.
Based on our reasoning and disposition of assignments of error four and five, we find that counsel did not err in not objecting to the jury instructions and in not insisting that state's evidence be restricted to the language "sexual contact" found in the bill of particulars.
Tebcherani fails to establish that her counsel's performance fell "below an objective standard of reasonable representation." State v.Bradley, supra, at paragraph two of the syllabus. Nor has Tebcherani demonstrated prejudice; Tebcherani has also failed to prove by "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra, at paragraph three of the syllabus.
ASSIGNMENT OF ERROR SEVEN
 THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS A SEXUALLY ORIENTED OFFENDER AND IN IMPOSING THE REPORTING REQUIREMENTS OF R.C. 2950 et. seq., AS THAT STATUTORY SCHEME UNCONSTITUTIONALLY INTERFERES WITH THE RIGHTS OF PRIVACY, PROPERTY, AND LIBERTY GUARANTEED BY SECTION I, ARTICLE I, OF THE OHIO CONSTITUTION.
In her seventh assignment of error, Tebcherani requests this Court to declare R.C. Chapter 2950 unconstitutional on the basis of State v.Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported. We summarily reject Tebcherani's argument based on the Ohio Supreme Court's reversal of Williams, finding the constitutional challenges to R.C. Chapter 2950 to be without merit. State v. Williams (2000),88 Ohio St.3d 513. We note that Williams was pending before the Supreme Court when counsel submitted the brief herein.
 III. Each of Tebcherani's eight assignments of error is overruled. The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 ___________________________ DONNA J. CARR
WHITMORE, J., CONCURS,
BAIRD, J., CONCURS IN PART AND DISSENTS IN PART, SAYING:
Without specifying that the victim is less than thirteen years of age, under R.C. 2945.75 (A)(2), a guilty verdict in these circumstances constitutes a finding of guilty to an offense which is punishable by a term of imprisonment less than life imprisonment. Since the defendant was sentenced for a crime for which there was no finding of guilt, his sentence should be vacated and the case remanded for re-sentencing.