[Cite as *State v. Bryant*, 2013-Ohio-4446.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 12CAA120088 |
| EDWARD R. BRYANT | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Delaware County Court of Common Pleas, Case No. 12CR-I-010013A

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: October 7, 2013

APPEARANCES:

For Plaintiff-Appellee

CAROL O'BRIEN
Delaware County Prosecuting Attorney

ERIC PENKAL
Assistant Prosecuting Attorney
140 N. Sandusky St., 3rd Floor
Delaware, Ohio 43015

For Defendant-Appellant

JOHN R. CORNELY
21 Middle Street
PO Box 248
Galena, Ohio 43021

*Hoffman, P.J.*

{¶1}   Defendant-appellant Edward R. Bryant appeals his conviction entered by the Delaware County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   The following evidence was adduced as testimonial evidence at trial herein:  On October 11, 2011, Rickie Sivert arranged to meet with Appellant, known on the street as "Black Rob," to purchase heroine.  Rather than purchasing the heroine, he and a friend went to Columbus and stole $150.00 worth of heroine from Appellant.  Sivert then used the heroine.

{¶3}   Appellant contacted his cousin, Joseph Barchetti, and told him he needed a ride to Sivert's apartment due to the theft.  Barchetti and his girlfriend, Chloe Chambers, drove Appellant and his co-defendant, Avery Brock, known on the street as "Buck," to Sivert's apartment.  At the time, Sivert also owed Barchetti money for drugs Barchetti had fronted to Sivert two months prior.

{¶4}   On the same date of October 10, 2011, Sivert overheard Barchetti and other individuals outside his residence knocking on the door and asking him to come outside.  When he refused, the individuals threw a grill at the back window of the residence and kicked in the front door.

{¶5}   Sivert, his girlfriend, Cassandra Wooten, and their infant son hid in the attic of the residence during the incident and called 911.

{¶6}   Wooten testified she saw Barchetti and Chambers outside the house during the incident, and heard two male voices inside her home destroying the first floor, and coming upstairs.  Various items in the residence were destroyed and upset,

including a television, which was thrown to the ground, a fish tank which was broken, and furniture which was destroyed. Appellant and the other individuals fled the scene as the police arrived.

{¶7} Following the incident, Barchetti and Chambers cooperated with the police investigating the home invasion. Both identified Appellant as the perpetrator. Barchetti and Chambers provided a detailed description of the events occurring at the apartment as related to the burglary. Barchetti described Appellant, indicating he had a tattoo on his right arm stating "DDBLOCK." Both also identified Appellant from an OHLEG photograph.

{¶8} Appellant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11(A)(2), a felony of the first degree and a firearm specification; one count of having a weapon under disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree; and one count of vandalism, in violation of R.C. 2909.05(A), a fifth degree felony.

{¶9} On February 22, 2012, Appellant filed a motion to suppress challenging the out of court identification. The trial court denied the motion.

{¶10} The matter proceeded to a jury trial. Appellant was tried together with his co-defendant Avery Brock. Following the presentation of the state's evidence, Appellant filed a Criminal Rule 29 motion for acquittal. The trial court granted the motion dismissing the firearm specification and reduced the charge of aggravated burglary to a charge of burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1). The trial court dismissed the weapons under disability charge and reduced the

vandalism charge to criminal damaging, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree.

{¶11} Appellant was convicted on all counts. Appellant's co-defendant, Avery Brock, was acquitted of the charges. The trial court sentenced Appellant to six years in prison as to the burglary count, and sixty days in jail on the criminal damaging count, to run concurrently.

{¶12} Appellant now appeals, assigning as error:

{¶13} "I. APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶14} "II. THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION TO SUPPRESS THE OUT OF COURT IDENTIFICATION BY MR. JOSEPH BARCHETTI AND MS. CHLOE CHAMBERS VIOLATED HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW."

I.

{¶15} In the first assignment of error, Appellant maintains his convictions for burglary and criminal damaging are against the manifest weight of the evidence.

{¶16} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins,* supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the

evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶17} Appellant was convicted of burglary, in violation of R.C. 2911.12(A)(1), and criminal damaging, in violation of R.C. 2909.06(A)(1).

{¶18} R.C. 2911.12(A)(1) reads,

{¶19} "(A) No person, by force, stealth, or deception, shall do any of the following:

{¶20} "(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;"

{¶21} R.C. 2909.06(A)(1) reads,

{¶22} "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:

{¶23} "(1) Knowingly, by any means;"

{¶24} Appellant argues the substantive evidence presented at trial as to Appellant and his co-defendant Avery Brock was identical on both counts. Only Joseph Barchetti testified Appellant and Brock were present when the incident occurred. Appellant was convicted of burglary and criminal damaging, while Avery was acquitted of the charges.

{¶25} In *State v. Hurt,* (October 11, 1979), Cuyahoga No. 39389, 1979WL210430, the Eighth District Court of Appeals held,

**{¶26}** "The basic rule as to inconsistent verdicts was originally stated in *Griffin v. State* (1868), 18 Ohio St. 438. This rule is: 'A verdict will not be set aside as inconsistent, or uncertain, because it finds differently as to counts in which there is no material difference.' This rule of not requiring consistency in the verdicts as to different counts of an indictment has been regularly adhered to in Ohio. *Browning v. State* (1929), 120 Ohio St. 62, 165 N.E. 566; *State v. McNicol* (1944), 143 Ohio St. 39, 47, 53 N.E.2d 808; *State v. Adams* (1978), 53 Ohio St.2d 223, 374 N.E.2d 137.

**{¶27}** "In the instant case, however, the alleged inconsistency occurred in the different verdicts as to the three codefendants on the same [Illegible text]. Generally, there is no requirement that judgments on the same count of an indictment be consistent as to codefendants. *See State v. Morris* (1975), 42 Ohio St.2d 307, 325, 329 N.E.2d 85; *State v. Hirsch* (1956), 101 Ohio App. 425, 131 N.E.2d 419; *Cleveland v. Ryan* (1958), 106 Ohio App. 110, 148 N.E.2d 691. This appears to be the majority rule even where two or more codefendants are tried together on the same charges and where one codefendant is convicted of a lesser included offense. *See* Annot. 22 A.L.R. 3d 717, 734, 735."

**{¶28}** Where multiple issues are presented before a jury with regard to codefendants, consistent verdicts are not required. Here, Appellant and Brock's participation and identity were at issue; therefore, there is no requirement as to consistent verdicts between the codefendants. While the substantive evidence presented on the counts was identical, the issues presented and developed varied in scope and degree as to each defendant. Testimony was offered at trial as to Appellant, including a specific motive to burglarize the residence, irrelevant to his codefendant. A

review of the record demonstrates the jury was properly instructed as to motive and as to an accomplice jury instruction.

**{¶29}** We find Appellant's conviction is not against the manifest weight of the evidence.

**{¶30}** The first assignment of error is overruled.

II.

**{¶31}** In the second assignment of error, Appellant argues the trial court erred in allowing evidence as to the out of court photo identification of Appellant.

**{¶32}** Here, the State concedes lack of compliance with R.C. 2933.83. However, maintains the identification was otherwise reliable.

**{¶33}** An identification of a defendant is unreliable only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.   Photographic identification procedures must be viewed under the totality of the circumstances.  *Stoval v. Denno* (1967), 388 U.S. 296.  The practice of showing only one photograph to a potential eyewitness is not encouraged; however, such measures have been shown to be both reliable and necessary.  *State v. Battee* (1991), 72 Ohio App.3d 660.

**{¶34}** In *Neil v. Biggers* (1972), 409 U.S. 188, the Supreme Court set forth a set of guidelines to assist in weighing the totality of circumstances,

**{¶35}** "[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description

of the criminal, the level of certainty demonstrated by the witness at the confrontation and the length of time between the crime and the confrontation."

**{¶36}** Here, viewing the photographic identification made by Barchetti under the totality of the circumstances, while only one photograph was shown, Barchetti is Appellant's cousin; therefore, there was not a substantial likelihood of misidentification. Further, Chambers' identification of Appellant, assuming there was a substantial likelihood of misidentification, was cumulative to the identification of Barchetti, and, therefore, not prejudicial.

**{¶37}** The second assignment of error is overruled.

**{¶38}** Appellant's conviction in the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                           :
                                                 :
-vs-                                             :               JUDGMENT ENTRY
                                                 :
EDWARD R. BRYANT                                 :
                                                 :
    Defendant-Appellant                          :               Case No. 12CAA120088

For the reasons stated in our accompanying Opinion, Appellant's conviction in the Delaware County Court of Common Pleas is affirmed.  Costs to Appellant.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY