[Cite as *State v. Burnett*, 2016-Ohio-7502.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| CHRIS BURNETT | : | Case No. 2016CA00007 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                                                  Pleas, Case No. 2015CR01295(A)


JUDGMENT:                                            Affirmed


DATE OF JUDGMENT:                             October 24, 2016


APPEARANCES:

For Plaintiff-Appellee                                For Defendant-Appellant

JOHN D. FERRERO                               GEORGE URBAN
Prosecuting Attorney                             116 Cleveland Avenue, NW
BY: KRISTINE W. BEARD                       Suite 808
Assistant Prosecutor                              Canton, OH  44702
110 Central Plaza South, Suite 510
Canton, OH  44702-1413

*Farmer, P.J.*

{¶1} On October 28, 2015, the Stark County Grand Jury indicted appellant, Chris Burnett, on one count of murder with a firearm specification in violation of R.C. 2903.02 and 2941.145, two counts of felonious assault with firearm specifications in violation of R.C. 2903.11 and 2941.145, and one count of tampering with evidence in violation of R.C. 2921.12. Said counts arose from the shooting of Cleave "Archie" Johnson and Albert Magee resulting in Cleave Johnson's death. Appellant was indicted along with three co-defendants, Sade Edwards, Corey Campbell, and Calvin Johnson.

{¶2} A jury trial commenced on December 14, 2015. The jury found appellant guilty of the two felonious assault counts with the attendant firearm specifications and the tampering count, and not guilty of the murder count. By judgment entry filed December 30, 2015, the trial court sentenced appellant to an aggregate term of twenty-two years in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S OBJECTION TO THE JURY INSTRUCTION REGARDING 'POSSESSION.' "

II

{¶5} "APPELLANT'S CONVICTIONS WERE AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶6} Appellant claims the trial court erred in defining "possessed" to the jury, as used in a supplemental jury instruction for the firearm specifications. Appellant claims the instruction went beyond the facts presented at trial, and the trial court erred in giving an instruction on constructive possession. T. at 594-595. Although defense counsel did not specifically argue this position during trial, we find the general objection properly preserved the issue for appeal. T. at 595.

{¶7} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Martens,* 90 Ohio App.3d 338 (3rd Dist.1993). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983). Jury instructions must be reviewed as a whole. *State v. Coleman,* 37 Ohio St.3d 286 (1988).

{¶8} Upon review, we agree the facts do not indicate a constructive possession instruction was necessary. However, we find the error to be harmless. Harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right.

{¶9} The direct testimony of the victim, Albert Magee, established there were two shooters, and he positively identified appellant as one of the shooters. T. at 383-384; State's Exhibit 29. Appellant's DNA was found on one of the firearms (.9mm Hi-Point). T. at 344-348; State's Exhibit 6.

{¶10} Upon review, we fail to find that the constructive possession instruction resulted in undue prejudice or a violation of a substantial right that would have affected the outcome of the trial.

{¶11} Assignment of Error I is denied.

II

{¶12} Appellant claims his convictions were against the sufficiency and manifest weight of the evidence. We disagree.

{¶13} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor,

attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶14} Appellant was convicted of two counts of felonious assault with attendant firearm specifications in violation of R.C. 2903.11(A)(2) and 2941.145 which state the following, respectively:

(A) No person shall knowingly do either of the following:

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

(A) Imposition of a three-year mandatory prison term upon an offender under division (B)(1)(a)(ii) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense.

{¶15} Appellant was also convicted of tampering with evidence in violation of R.C. 2921.12(A)(1) which states: "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following: (1) Alter, destroy, conceal, or remove any record, document, or thing, with

purpose to impair its value or availability as evidence in such proceeding or investigation."

{¶16} Appellant argues the jury's guilty verdicts on the felonious assaults of Mr. Magee and Cleave Johnson were inconsistent with its finding of not guilty of Cleave Johnson's murder. Appellant also argues witnesses and co-defendants Corey Campbell and Sade Edwards lacked credibility.

## INCONSISTENT VERDICTS

{¶17} In *State v. Gardner,* 118 Ohio St.3d 420, 2008-Ohio-2787, ¶ 81-84, the Supreme Court of Ohio revisited the issue of inconsistent verdicts and stated the following:

The acquittal, however, does not suggest that Gardner's aggravated-burglary conviction cannot stand. To the contrary, the Supreme Court has made clear that a verdict that convicts a defendant of one crime and acquits him of another, when the first crime requires proof of the second, may not be disturbed merely because the two findings are irreconcilable. " 'Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment.' " *United States v. Powell* (1984), 469 U.S. 57, 62, 105 S.Ct. 471, 83 L.Ed.2d 461, quoting *Dunn v. United States* (1932), 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356. Accord *Harris v. Rivera* (1981), 454 U.S. 339, 345, 102 S.Ct. 460, 70 L.Ed.2d 530. "[I]nconsistent verdicts-even verdicts that acquit on a predicate offense while convicting on the compound offense-should not

necessarily be interpreted as a windfall for the Government at the defendant's expense." *Powell,* 469 U.S. at 65, 105 S.Ct. 471, 83 L.Ed.2d 461. As *Powell* notes, "[i]t is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense." Id.

Our law has long recognized the same principle. See, e.g., *State v. McNicol* (1944), 143 Ohio St. 39, 47, 27 O.O. 569, 53 N.E.2d 808, citing *Griffin v. State* (1868), 18 Ohio St. 438, 1868 WL 45. More recently, we have reiterated it by citing *Powell's* holding, see, e.g., *State v. Hicks* (1989), 43 Ohio St.3d 72, 78, 538 N.E.2d 1030, as have the courts of appeals. E.g., *State v. Taylor,* Cuyahoga App. No. 89629, 2008-Ohio-1626, 2008 WL 885822, ¶ 10; *State v. Smathers* (Dec. 10, 2000), Summit App. No. 19945, 2000 WL 1859836, *8. One such decision, the Sixth District's opinion in *State v. Miller,* Erie App. No. E–02–037, 2003-Ohio-6375, 2003 WL 22828969, is illustrative here.

There, the court reviewed a jury's verdict that found the appellant guilty of aggravated burglary but acquitted him of attempted murder and domestic violence. The court of appeals found that even though the appellant had been acquitted of attempted murder and domestic violence for conduct arising out of the same incident as the aggravated burglary, the evidence was sufficient to find that the appellant had entered the victim's home without her permission and threatened to kill her, conduct

sufficient to demonstrate an intent to commit a criminal offense. Id. at ¶ 13. It affirmed the conviction, notwithstanding the acquittals. We reach the same conclusion.

Gardner's acquittal on the felonious-assault charge is not dispositive, because there is no requirement in Ohio law that the criminal offense underlying an aggravated-burglary charge be completed in order for the latter charge to stand. R.C. 2911.11(A) (an accused need only have a "purpose to commit" a criminal offense); *State v. Castell* (Aug. 20, 1992), Cuyahoga App. No. 61352, 1992 WL 205130.

{¶18} Under this analysis and the facts in this case, appellant was not the only shooter identified at the scene. T. at 378, 383-384. Two firearms were recovered. T. at 217-218, 220-223; State's Exhibits 5, 6, 24B-E. It is entirely possible the jury could have found appellant committed a felonious assault on Cleave Johnson, but he was not the principle shooter of Cleave Johnson causing his death. Not guilty beyond a reasonable doubt is in fact not proven beyond a reasonable doubt. The jury could have logically assumed appellant's felonious assault did not result in Cleave Johnson's death.

FELONIOUS ASSAULTS

{¶19} Appellant argues the main evidence against him was the testimony of his co-defendants, Corey Campbell and Sade Edwards. Appellant argues because both these individuals were indicted and received reduced charges and minimal sentences, their testimony lacked credibility.

{¶20} In reading the transcript, there is corroborating evidence to make the testimony of Mr. Campbell and Ms. Edwards credible. Mr. Campbell testified he, appellant, and Calvin Johnson exited the vehicle being driven by Ms. Edwards. T. at 412. He got out "to take a leak" while the other two went down the street. *Id.* He then heard shots and saw appellant and Calvin Johnson "running towards me." T. at 413. Mr. Campbell testified he did not shoot any firearms that night and did not see appellant or Calvin Johnson with a firearm. T. at 416. Ms. Edwards testified Calvin Johnson was the one with a motive (he had been robbed of his gun and marijuana). T. at 466. She testified once everyone was in the vehicle after the incident, Calvin Johnson turned to appellant and asked, " 'Cuz, why did you start shooting so fast? I thought we were going to get closer.' " T. at 408, 456. She did not recall appellant responding. T. at 457.

{¶21} Mr. Magee identified appellant as one of the two shooters. T. at 383-384; State's Exhibit 29. Appellant's DNA was found on one of the firearms and a magazine for the firearm. T. at 344-348; State's Exhibit 6.

{¶22} The jury was aware of the plea deals of Mr. Campbell and Ms. Edwards, and Mr. Magee, the victim, positively identified appellant as one of the shooters. T. at 202, 217-218, 384, 404-405, 462-464. We find sufficient credible evidence, if believed by the jury, to support the guilty verdicts on the felonious assault counts.

## TAMPERING WITH EVIDENCE

{¶23} Appellant argues there is no evidence that he discarded a firearm as he fled the scene. If the jury believed that Mr. Campbell did not have a firearm, then the two shooters had to be Calvin Johnson and appellant. We know there were two

shooters and two firearms discarded and appellant's DNA was found on one of the discarded firearms.  T. at 219-220, 223-224, 344-348; State's Exhibits 6, 24B, 24C.

{¶24}  We find sufficient evidence to support the guilty verdict on the tampering count.

{¶25}  Upon review, we do not find any manifest miscarriage of justice.

{¶26}  Assignment of Error II is denied.

{¶27}  The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Wise, J. concur

SGF/sg 10/11