**CLEVELAND (City), Plaintiff-Appellee, v. RYAN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24339.    Decided March 6, 1958.

Bernard J. Conway, Edward V. Cain, Police Prosecutors, for plaintiff-appellee.

John C. Lyon, for defendant-appellant.

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from a decision and judgment of guilty in a criminal action in the Municipal Court of Cleveland.   The defendant was charged with operating a trailer on Denison Avenue, a public thoroughfare, in the City of Cleveland, without

bearing license plates as required by Sec. 9.3101 of the Traffic Code of the City of Cleveland.

The defendant is an employee of Hayes Freight Lines, Inc., a foreign corporation of Illinois, engaged in interstate commerce, and holding authority to engage in such business from the Interstate Commerce Commission. Such employer maintains a freight terminal in Brooklyn, a suburb of Cleveland. At this terminal, The Hayes Freight Lines, Inc. has several tractors which are used exclusively in pick-up and delivery service, such tractors being lighter in construction that those customarily used in over-the-road service. These tractors, one of which the defendant was driving, are registered under the laws of Ohio and bear Ohio license plates. The Hayes Freight Lines, Inc. also have a number of trailers somewhat smaller than those used in over-the-road service which are used for local pick-up and delivery service in and out of the Brooklyn terminal serving the Cleveland area. These trailers are licensed by Hayes Freight Lines, Inc., in Illinois, the state of its domicile (Springfield, Illinois) and bear Illinois plates as provided by the law of that state. It was one of these trailers which the defendant was hauling, with one of the smaller tractors, bearing Ohio license plates, at the time of his arrest. The arrest was made because of the failure of the defendant to display Ohio license plates on the trailer.

The goods in the trailer being transported by the defendant at the time of his arrest were unquestionably being carried in interstate commerce. Such goods had come to and had been unloaded at the "Hayes" terminal from one or more interstate shipments and after being shuffled according to destination, these goods were then reloaded for delivery to Cleveland consignees in accordance with their original consignment in interstate commerce or were being taken to other freight terminals in the Cleveland area to continue by other routes or carriers on their journey in interstate commerce.

Some time in 1956, one Grady Alphabet, an employee of Hayes Freight Lines, Inc., was arrested under exactly the same circumstances as was true in this case and upon trial in the Municipal Court of Cleveland, was found not guilty.

The defendant alleges two errors:

. 1st: That the legality of the use of Illinois plates on a trailer under the identical circumstances as is presented by this record, having been found by the judgment of the Municipal Court of Cleveland in the Alphabet case not to be a violation of the law of this state under the reciprocal licensing requirements of the law of this state, the issue is now res judicata.

2nd: The exemption and reciprocal rights provided in §4503.36 R. C., operates to exempt vehicles owned by a resident of the State of Illinois and duly registered and licensed therein, from the licensing requirements of the State of Ohio, when such vehicles are operated by such Illinois resident exclusively in its pick-up and delivery service of interstate freight shipments.

The first of these contentions must be overruled. The principle of res judicata has no application to the criminal law. In a criminal case

the sovereign is the party plaintiff and the purpose of the prosecution is to preserve the public peace or redress an injury to the public at large. The principle of stare decisis is not to be followed blindly, but may be disregarded in the interests of public security, particularly in criminal cases if justice requires it. State v. Mellenberger, 163 Or. 233, 95 P. 2d 709. Nor need there be consistency in judgments in criminal prosecutions. This is true even in the case of co-conspirators being tried for the identical crime as to parties separately prosecuted. Platt v. State, 143 Neb. 131, 8 N. W. 2d 849; State v. Hirsch, 101 Oh Ap 425, 131 N. E. 2d 419. This must be true of completely separate alleged criminal acts committed at different times by different defendants although the evidence tends to establish similar or identical facts with respect to the conduct of separate defendants acting separately to accomplish separate but identical purposes.

The second error claimed requires an interpretation of the motor vehicle licensing statutes of Illinois and Ohio and a determination of the manner in which the trailers of "Hayes" were used in its pick-up and delivery service at its Greater Cleveland terminal, particularly the one which this defendant was driving when arrested.

Sec. 4503.36 R. C., provides:

"The owner of every motor vehicle which is duly registered in any state, district, country, or sovereignty other than this state is exempt from the laws of this state pertaining to registration and licensing and the penal statutes relating thereto, provided the owner thereof has complied with the law in regard to motor vehicles in the state, district, country, or sovereignty of his residence and complies with such law while operating and driving such motor vehicle upon the public roads or highways of this state. Such exemption shall be operative only if the law of such other state, district, country, or sovereignty makes substantially like and equal exemptions to the owners of motor vehicles registered in this state.

"Reciprocal agreements between this and any other state, district, country, or sovereignty necessary in administering this section shall be made as provided in §4503.37 R. C."

Chapter 95½, Sec. 22, Smith-Hurd Illinois Statutes, provides, in part:

"Except as is herein provided for foreign corporations, the provisions of Sections 8, 9. . ., 10, 14, 17 and 27 of this Act, shall not apply to any motor vehicle or motor bicycle owned by non-residents of this State if the owner thereof has complied with the law requiring the registration of motor vehicles or motor bicycles or the names of the owners thereof in force in the city, state, foreign country or province, territory or Federal district of his residence: and the registration number showing the initial or abbreviation of the name of such city, state, foreign country or province, territory or Federal district, is displayed on such vehicle substantially as is provided in Section 14 of this Act: Provided, that the provisions of this section shall be operative as to a motor vehicle or motor bicycle owned by a non-resident of this State only to the extent that under the laws of the city, state, foreign country or province, territory or Federal district of his residence, like exemptions and privileges

are granted to motor vehicles or motor bicycles duly registered under the laws of and owned by residents of this State. If, under the laws of such city, state, foreign country or province, territory or Federal district, motor vehicles or motor bicycles owned by residents of this State, operating upon the highways of such city, state, foreign country or province, territory or Federal district, are required to pay the registration fee and carry the license plates or pay any other fee or tax to such city, state, foreign country or province, territory or Federal district, the motor vehicles or motor bicycles owned by such residents of such city, state, foreign country or province, territory or Federal district, and operating upon the highways of this State shall comply with the provisions of Sections 8, 9. . ., 10, 14, 17 and 27 of this Act. Foreign corporations, partnerships and individuals owning, maintaining or operating places of business in this State and using motor vehicles or motor bicycles in connection with such places of business, shall comply with the provisions of Sections 8, 9. . ., 10, 14, 17 and 27 of this Act in so far as the motor vehicles and motor bicycles used in connection with such places of business are concerned."

The Supreme Court of Ohio in **Alger v. Bowers, Tax Comm.**, 166 Oh St 427, 143 N. E. 2d 835, has held that the Act (§4503.36 R. C.) regulating registration and licensing motor vehicles and providing for reciprocity in the use of vehicles licensed in other states coming into Ohio is self executing. In reading these statutes, it is plain that they deal with the privilege that owners of motor vehicles who have properly licensed their motor vehicles under the laws of one state to be exempt from the necessity of compliance with the motor vehicle registration laws of another state when such vehicles are temporarily or intermittently driven from the state where registered and over and upon the highways of such other state. The fact of the use of such vehicles in interstate commerce is not involved.

Under the evidence as shown by the record, the trailer this defendant was hauling when arrested was not only garaged at the Brooklyn terminal of his employer in Ohio but was used exclusively in the Cleveland area in its delivery and pick-up service. The law of Illinois, providing for the licensing of trailers, could have no application as to trailers used exclusively in Ohio. While the trailer the defendant was driving was owned by a corporation domiciled in Illinois, it was not used in Illinois and, therefore, was not subject to the motor vehicle registration provisions of Illinois law.

It is this fact that distinguishes this case from the case of **City of Cleveland v. Szabo**, 102 Oh Ap 288, 129 N. E. 2d 833. This court said in the second paragraph of the syllabus:

"Where goods are shipped from a consignor in Maryland to a consignee in Euclid, Ohio (a suburb of Cleveland), via such Pennsylvania motor carrier, and such goods remain in the same trailer for the entire trip, but the tractor-trailer carrier stops at such carrier's terminal in Cleveland where the tractor is detached and another tractor, also owned by such Pennsylvania motor carrier and bearing Pennsylvania license plates registered in Pennsylvania, is attached, and where such change

in tractors is a mere procedural requirement which in no way interrupts the unity of the movement of such shipment, and delivery is then completed to the consignee in Euclid, Ohio, the trip from such Cleveland terminal to the consignee is an operation in interstate commerce."

It is clear from the facts in the above case that the trailer had just come into Ohio from Maryland via a route through Pennsylvania and there was no claim that the tractor was used exclusively in Ohio. In fact, it was used in service between Pittsburgh, Pennsylvania, and Cleveland and was, therefore, properly licensed in Pennsylvania.

The fact that the goods, being delivered by the defendant, were then in interstate commerce, and that defendant was then acting in furtherance of his employer's purpose, with equipment furnished by his employer for that purpose, does not change the rule. Defendant's employer cannot avoid the proper licensing of its motor vehicles. The legislation under consideration deals with motor vehicles, not merchandise, and where trailers are intended to be used exclusively in Ohio, the registration laws of Ohio must be complied with.

The judgment of the Municipal Court of Cleveland must, therefore, be affirmed.

KOVACHY and HURD, JJ, concur.