{¶ 1} Plaintiff-appellant, Kendra Weatherholt, appeals a decision of the Butler County Court of Common Pleas dismissing, on jurisdictional grounds, her administrative appeal of a decision rendered by the city of Hamilton Civil Service Commission (the "Commission").
 {¶ 2} In June 2006, appellant, a Hamilton police officer, was suspended from duty for 18 days. Appellant appealed her suspension to the Commission. On July 25, 2006, the Commission dismissed her appeal on the ground it was not timely filed. On August 7, 2006, *Page 2 
appellant appealed the Commission's decision by filing an appeal and complaint in the common pleas court. The Commission was served notice of the appeal by the Clerk of Court of the Butler County Court of Common Pleas. The Commission moved to dismiss appellant's appeal to the common pleas court on the ground the appeal was not perfected. On March 20, 2007, the common pleas court agreed with the Commission and dismissed the appeal. This appeal follows.
 {¶ 3} In her sole assignment of error, appellant argues that the common pleas court erred by dismissing her administrative appeal on jurisdictional grounds.
 {¶ 4} Appellant was suspended pursuant to R.C. 124.34. Under R.C.124.34(C), a police officer may appeal any suspension to the municipal civil service commission. "An appeal on questions of law and fact may be had from the decision of the commission to the court of common pleas in the county in which the city * * * is situated. The appeal shall be taken within thirty days from the finding of the commission." R.C. 124.34(C). R.C. 2505.04, in turn, provides that "[a]n appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the * * * commission."
 {¶ 5} Appellant argues that her appeal was properly perfected when she timely filed her appeal with the common pleas court because under R.C.124.34 and 2505.04, "no specific method of `filing' with the commission is required;" "no method of filing with the commission is prohibited;" and the only requirement is that the commission have received notice of the appeal within 30 days. We disagree.
 {¶ 6} It is well-settled that the filing of a notice of appeal under R.C. 2505.04 is essential to vest a common pleas court with jurisdiction over an administrative appeal. See Guysinger v. Chillicothe Bd. ofZoning Appeals (1990), 66 Ohio App.3d 353. Jurisdiction does not vest in the common pleas court unless and until an appeal is perfected. R.C.2505.04 clearly requires that to perfect an appeal, a notice of appeal from an administrative decision *Page 3 
be filed with the administrative entity appealed from, as opposed to the court appealed to. See Boothby v. Twp. Bd. of Zoning Appeals (Jan. 8, 2001), Clermont App. No. CA2000-08-062; Kilburn v. Village of SouthLebanon (Oct. 2, 1995), Warren App. No. CA94-12-105. We find nothing in R.C. 124.34 indicating an intent to override the procedures of R.C. Chapter 2505. R.C. 124.24 sets only the time limit, 30 days, in which to file an appeal from a civil service commission. Nowhere does it specify how to perfect such appeal.
 {¶ 7} Appellant filed her administrative appeal with the common pleas court, not with the Commission. "Filing a notice of appeal with the [common pleas court] and then having the Commission served with the notice of filing does not comport with the statutory filing requirements as established in R.C. 2505.04." Ware v. Civ. Serv. Comm. ofHamilton (Aug. 29, 1994), Butler App. No. CA94-01-020, at 3. See, also,Marks v. The Streetsboro Planning Comm. (Dec. 3, 1999), Portage App. No. 98-P-0076 (a filing with the clerk of the common pleas court requesting that notice be served upon the administrative agency does not satisfy the requirements of R.C. 2505.04 for perfecting an appeal; service is not the equivalent of filing the notice with the proper administrative agency). But see, contra, Price v. Margaretta Twp. Bd. of ZoningAppeals, Erie App. No. E-02-029, 2003-Ohio-221 (R.C. 2505.04 imposes no prohibition of a timely copy of a notice of appeal from a clerk of courts to perfect an administrative appeal).
 {¶ 8} We therefore find that the common pleas court correctly dismissed, on jurisdictional grounds, appellant's appeal. Appellant's sole assignment of error is overruled.
 {¶ 9} Judgment affirmed.
 WALSH, P.J. and BRESSLER, J., concur. *Page 1