WELSH DEVELOPMENT COMPANY, et al., Appellants,

v.

WARREN COUNTY REGIONAL PLANNING COMMISSION, Appellee.

[Cite as *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.,* 186 Ohio App.3d 56, 2010-Ohio-592.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA2009–07–101.

Decided Feb. 22, 2010.

58

Frost Brown Todd L.L.C. and Scott D. Phillips, for appellants.

Surdyk Dowd & Turner, Robert J. Surdyk, and Kevin A. Lantz, for appellee.

BRESSLER, Presiding Judge.

{¶ 1} Plaintiffs-appellants, Welsh Development Company, Inc., Daniel and Angel Proeschel, Robert and Mary Proeschel, Jeraldine Hoffer, and Karl Hoffer ("Welsh"), appeal the decision of the Warren County Court of Common Pleas

dismissing all but three claims against defendant-appellee, Warren County Regional Planning Commission ("the WCRPC"), finding that Welsh had failed to perfect its administrative appeal and, as a consequence, had failed to exhaust its administrative remedies.

{¶ 2} Welsh filed two preliminary plat applications with the WCRPC in early 2005 regarding a proposed single-family-home subdivision in Turtlecreek Township, Warren County, Ohio. The WCRPC denied the first application and approved the second application subject to certain conditions.

{¶ 3} On March 25, 2005, Welsh filed with the Warren County Common Pleas Court a notice of appeal of the first decision, along with a praecipe, a notice of the filing of a supersedeas bond, and instructions to serve a copy of the complaint and notice to the WCRPC. The record indicates that the WCRPC was served on March 28, 2005.

{¶ 4} Prior to filing, Welsh sent to the chief assistant Warren County prosecutor unfiled courtesy copies of the cover letter mailed to the Warren County clerk of courts, the complaint, the notice of the supersedeas bond, and the praecipe.

{¶ 5} On April 25, 2005, Welsh filed with the Warren County Common Pleas Court a notice of appeal of the second WCRPC decision and instructions to serve a copy of the complaint and notice of appeal to the WCRPC. The record indicates that service was obtained on April 27, 2005. As with the first appeal, Welsh sent to the assistant prosecutor only a copy of a cover letter mailed to the Warren County clerk of courts and enclosed documents similar to those mailed in the previous appeal.

{¶ 6} These actions, each of which contained a combination of an administrative appeal and civil action, were consolidated in the common pleas court.

{¶ 7} The WCRPC moved to dismiss the consolidated administrative appeals, arguing that the common pleas court lacked subject matter jurisdiction based on Welsh's failure to perfect the appeals pursuant to R.C. 2505.04. The WCRPC also raised in its answer to the civil actions the affirmative defense that Welsh had failed to exhaust its administrative remedies.

{¶ 8} Consequently, the magistrate dismissed Welsh's administrative appeals for want of jurisdiction and dismissed all but three of Welsh's causes of action for failing to exhaust its administrative remedies. Both the WCRPC and Welsh filed objections to the magistrate's decision. The common pleas court overruled the parties' objections and adopted the magistrate's decision.

{¶ 9} On January 31, 2008, Welsh attempted to voluntarily dismiss the remaining causes of action pursuant to Civ.R. 41(A)(1)(a) to create a final, appealable order from which it could appeal.

{¶ 10} Welsh subsequently filed its first appeal to this court. The WCRPC filed a motion to dismiss the appeal for lack of subject matter jurisdiction, and this court dismissed the appeal for want of jurisdiction, holding that Welsh could not create a final, appealable order from the trial court's decision simply by filing a voluntary dismissal as to the remaining claims. See *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, Warren App. No. CA2008–02–026, 2009-Ohio-1158, 2009 WL 683859.

{¶ 11} Following remand, Welsh moved the common pleas court for leave to file amended consolidated complaints, a motion that the court granted. Welsh filed its amended complaints to eliminate the unadjudicated claims and create a final, appealable order, from which Welsh filed its notice of appeal to this court. On its second appeal now before this court, Welsh asserts two assignments of error.

{¶ 12} Assignment of Error No. 1:

{¶ 13} "The trial court's and magistrate's distinction between 'service' and 'filing,' for purposes of perfecting an appeal under R.C. 2505.04, contradicts well-established Ohio Supreme Court precedent."

{¶ 14} Welsh argues that the court erred in finding that it lacked subject matter jurisdiction over the consolidated appeals and asserts that this court should overrule its prior decisions, as we have ignored the binding precedent established by the Ohio Supreme Court in *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113.

{¶ 15} It is well settled that the filing of a notice of appeal pursuant to R.C. 2505.04 is essential to vest a common pleas court with jurisdiction to hear an administrative appeal. See *Guysinger v. Chillicothe Bd. of Zoning Appeals* (1990), 66 Ohio App.3d 353, 584 N.E.2d 48; *Weatherholt v. Hamilton*, Butler App. No. CA2007–04–098, 2008-Ohio-1355, 2008 WL 757528, ¶ 6. Jurisdiction does not vest in the common pleas court unless and until an appeal is perfected. Id. R.C. 2505.04 provides that "an appeal is perfected when a notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." Further, R.C. 2505.07 requires that such an appeal be perfected within 30 days of the entry of a final order by the involved commission.

{¶ 16} In 1979, the Ohio Supreme Court considered what would satisfy the filing requirements of R.C. 2505.04 in the context of an administrative appeal. *Dudukovich*, 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113. In *Dudukovich*, the appellee [1] sent a copy of the notice of appeal to the housing authority by

---

1. Marie Dudukovich was terminated from her employment with the housing authority. She appealed her termination to the common pleas court, and the court found in her favor. The

certified mail and filed a copy with the Lorain County Common Pleas Court two days later. On appeal to the Ohio Supreme Court, the housing authority argued that the common pleas court lacked jurisdiction to hear the appeal because the appellee did not comply with the requirements of R.C. 2505.04. Thus, the issue before the Ohio Supreme Court was whether the appellee had sufficiently complied with R.C. 2505.04 by mailing a copy of the notice of appeal to the housing authority. *Dudukovich* at 204, 12 O.O.3d 198, 389 N.E.2d 1113.

{¶ 17} *Dudukovich* held that "the act of depositing the notice in the mail, in itself, does not constitute a 'filing,' at least where the notice is not received until after the expiration of the prescribed time limit. *Fulton, Supt. of Banks v. State ex rel. General Motors Corp.* (1936), 130 Ohio St. 494[, 5 O.O. 142, 200 N.E. 636]. Rather, '[t]he term "filed" * * * requires actual delivery * * *.' Id. at paragraph one of the syllabus." Id.

{¶ 18} The court further held that no particular method of delivery is prescribed by the statute, and " 'any method productive of certainty of accomplishment is countenanced.' " Id., quoting *Columbus v. Upper Arlington* (1964), 31 O.O.2d 351, 201 N.E.2d 305, 308. The court then determined that the housing authority did receive the mailed copy of the notice of appeal and presumed timely delivery of the notice.

{¶ 19} In the case sub judice, Welsh argues that pursuant to *Dudukovich,* "filing" for purposes of R.C. 2505.04 requires "actual delivery," and if no particular method of delivery is prescribed by statute, then effectuating service of a copy of the filed combination notice of appeal and civil complaint through the clerk of courts, within the required 30–day period, constitutes a perfected appeal. We disagree.

{¶ 20} The right to appeal is conferred by statute and can be perfected only in the manner prescribed by that statute. *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals* (2001), 91 Ohio St.3d 174, 177, 743 N.E.2d 894; *Zier v. Bur. of Unemployment Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746, paragraph one of the syllabus; *McCruter v. Bd. of Review, Bur. of Emp. Serv.* (1980), 64 Ohio St.2d 277, 279, 18 O.O.3d 463, 415 N.E.2d 259; *Guysinger,* 66 Ohio App.3d at 357, 584 N.E.2d 48; *Thrower v. Akron,* Summit App. No. 21061, 2002-Ohio-5943, 2002 WL 31423701, ¶ 17. As stated by the Ohio Supreme Court, "[n]o one would contend that a notice of appeal need not be filed within the time fixed by statute. Compliance with a requirement that a notice of appeal shall be filed within the time specified, in order to invoke jurisdiction, is no

housing authority appealed the decision, and thus, Dudukovich was labeled "appellee" for the remainder of the appeals process.

more essential than that the notice be filed at the place designated and that it be such in content as the statute requires." (Citations omitted.) *Zier*, 151 Ohio St. at 125, 38 O.O. 573, 84 N.E.2d 746.

{¶ 21} The language of R.C. 2505.04 expressly requires that the notice of appeal be filed with the board from which Welsh appeals. R.C. 2505.04; *Dudukovich*, 58 Ohio St.2d at 204, 12 O.O.3d 198, 389 N.E.2d 1113 (appeal must be filed with the board or agency from which the appeal is being taken and with the common pleas court); *Nibert v. Ohio Dept. of Rehab. & Corr.* (1998), 84 Ohio St.3d 100, 101, 702 N.E.2d 70 (R.C. 2505.04 "states that an appeal is perfected by the timely filing of the notice of appeal with the particular agency"); *Guysinger*, 66 Ohio App.3d at 357, 584 N.E.2d 48; *Chapman v. Hous. Appeals Bd.* (Aug. 13, 1997), Summit App. No. 18166, 1997 WL 537651.

{¶ 22} As *Dudukovich* held, R.C. 2505.04 does not prescribe a method of delivery when filing the notice of appeal. The statute is explicit, however, in requiring that the notice be *filed* with the agency or board. As we have consistently held, a clerk's *service* of a notice of appeal upon the WCRPC is insufficient to confer jurisdiction on the common pleas court pursuant to R.C. 2505.04. *Ware v. Hamilton Civ. Serv. Comm.* (Aug. 29, 1994), Butler App. No. CA94–01–020, at 3, 1994 WL 462192; *Weatherholt*, 2008-Ohio-1355, 2008 WL 757528, at ¶ 7. See also *Kilburn v. S. Lebanon* (Oct. 2, 1995), Warren App. No. CA94–12–105, 1995 WL 577687. Directing a clerk of courts to serve a copy of a notice of appeal upon an agency is not the equivalent of filing a notice of appeal with the agency from which a party is appealing, as expressly set forth in R.C. 2505.04.

{¶ 23} Despite the contentions of both the dissent and Welsh that this court has ignored Ohio Supreme Court precedent set forth in *Dudukovich*, we find *Dudukovich* factually distinguishable from our prior cases and the case sub judice. In *Dudukovich*, the appellee herself mailed a copy of the notice of appeal directly to the administrative agency. In the present case, however, as in our prior cases *Weatherholt* and *Ware*, the clerk of courts caused the notice of appeal to be personally served on the administrative agency. Because the appellee in *Dudukovich* actually delivered her notice of appeal to the administrative agency, rather than having the clerk cause it to be served, these cases are distinguishable. See also *Genesis Outdoor Advertising, Inc. v. Deerfield Twp. Bd. of Zoning Appeal*, Portage App. No. 2001–P–0137, 2002-Ohio-7272, 2002 WL 31886723, at ¶ 19.

{¶ 24} Although we recognize a split among appellate districts in determining whether service of a notice of appeal on an administrative agency is sufficient to

perfect an appeal pursuant to R.C. 2505.04, our holding is consistent with the majority of districts that have addressed the issue.

{¶ 25} The Eleventh District has consistently held that "[s]ervice is not the equivalent of filing the notice with the [administrative agency]. Filing with the proper agency is essential in order to vest the court of common pleas with jurisdiction to hear the case." *Marks v. Streetsboro Planning Comm.* (Dec. 3, 1999), Portage App. No. 98-P-0076, 1999 WL 1313689, citing *Trickett v. Randolph Twp. Bd. of Zoning Appeals* (Aug. 18, 1995), Portage App. No. 94-P-0007. See also *All Erection & Crane Rental Corp. v. Newbury Twp.*, Geauga App. No. 2008-G-2862, 2009-Ohio-6705, 2009 WL 4894594, ¶ 18.

{¶ 26} The Eleventh District Court of Appeals analyzed its holding under *Dudukovich* in *Genesis Outdoor Advertising, Inc.*, 2002-Ohio-7272, 2002 WL 31886723. In that case, the appellant mailed a notice of appeal to the county clerk of courts and also mailed a copy of the notice to the secretary of the board of zoning appeals at her home address, which had been used as a return address on official board correspondence. Id. at ¶ 3. On appeal, the court found that the appellant made actual delivery of the notice of appeal with the agency by a method reasonably certain to accomplish the delivery and had filed its notice of appeal in compliance with R.C. 2505.04. Id. at ¶ 15.

{¶ 27} The court in *Genesis* then stated that although it might appear "at first blush" that its decisions in *Trickett* and other similar cases conflict with *Dudukovich* and *Genesis,* the cases are factually distinguishable. Id. at ¶ 16. The court reasoned that in *Trickett* and the like, the clerk of courts caused the notice to be personally served on the board, and because service is not the equivalent of filing the notice, the appellants in those cases failed to satisfy the requirements of R.C. 2505.04. In *Dudukovich* and *Genesis,* however, the parties actually delivered their notices of appeal to the administrative agency by mail. Therefore, the cases are not in conflict, as they are factually distinguishable.

{¶ 28} The Tenth District Court of Appeals has also consistently held that "a clerk of court's service of a notice of appeal upon an appellee is not the filing of an appeal 'with an administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved.'" *Black–Dotson v. Obetz,* Franklin App. No. 06AP–112, 2006-Ohio-5301, 2006 WL 2869543, at ¶ 6, quoting R.C. 2505.04. See also *Voss v. Franklin Cty. Bd. of Zoning Appeals,* Franklin App. No. 08AP–531, 2008-Ohio-6913, 2008 WL 5423310, at ¶ 5-6. In *Black–Dotson,* the Tenth District considered *Dudukovich,* but distinguished it from the facts before it. Id. at ¶ 5-6. The Tenth District found that unlike in *Dudukovich,* where there was evidence in the record that the agency did receive the mailed copy of the notice of appeal and the appellant did perfect the appeal, there was no evidence in the case before the court that the appellant had perfected her appeal

when the appellant filed her notice of appeal with the common pleas court and requested the clerk of courts to mail the notice to the agency. Id. The Tenth District therefore held that the "appellant's request that the clerk of court send the notice of appeal to appellee by certified mail is of no consequence, and does not satisfy the filing requirements of R.C. 2505.04." Id. at ¶ 6.

{¶ 29} In 1990, the Fourth District Court of Appeals addressed the issue in *Guysinger*, 66 Ohio App.3d 353, 584 N.E.2d 48. In that case, the appellants filed their notice of appeal and complaint with the common pleas court, and the clerk of courts made service of process on the zoning board by certified mail. Id. at 356, 584 N.E.2d 48. As in the case sub judice, it was undisputed that the board received the served copies within the time limit prescribed in R.C. 2505.07.

{¶ 30} The appellants in *Guysinger* argued on appeal that service of the summons and notice of appeal is the functional equivalent of filing a notice of appeal with the zoning board. Id. The Fourth District held that the pleading, filed by the appellants, was not filed in the place designated by R.C. 2505.04 and therefore could not be considered as a notice of appeal sufficient to satisfy the jurisdictional prerequisite of the statute. Id. at 357, 584 N.E.2d 48.

{¶ 31} The Third and Ninth District Court of Appeals have also held that an appeal is not perfected pursuant to R.C. 2505.04 through a clerk of courts' service on the administrative agency. See *Jacobs v. Marion Civ. Serv. Comm.* (1985) 27 Ohio App.3d 194, 27 OBR 233, 500 N.E.2d 321; *Thrower*, 2002-Ohio-5943, 2002 WL 31423701, at ¶ 18 ("Mere notification to the Board that a notice of appeal has been filed in the court [is insufficient to vest jurisdiction over an administrative appeal]. The statute explicitly requires filing with the agency itself"); *Jura v. Hudson*, Summit App. No. Civ.A. 22135, 2004-Ohio-6743, 2004 WL 2896415, ¶ 6–7.

{¶ 32} Although the Fifth District Court of Appeals has not specifically addressed whether an administrative appeal is perfected through a clerk of courts' service of a notice of appeal on an agency, it has cited *Guysinger* for the proposition that a party must file a notice of appeal with the agency itself in order to vest the common pleas court with jurisdiction. *Hagan v. Marlboro Twp. Bd. of Zoning Appeals* (Jan. 29, 1996), Stark App. No. 95 CA 0086, 1996 WL 74009, at *1. The court added that "failure to properly file a notice of appeal with the agency has been held to divest the trial court of jurisdiction and prevent an appellant's claim from proceeding." Id., citing *Guysinger*, 66 Ohio App.3d at 357, 584 N.E.2d 48.

{¶ 33} The dissent claims this court and the appellate districts with whom we agree rely upon an "erroneous reading" of R.C. 2505.04 "due to [our] failure to follow the mandates of *Dudukovich*." We, however, agree with the holding in the Ohio Supreme Court decision: R.C. 2505.04 requires that written notice be filed with the agency or board from which the appeal is being taken in order for the

appeal to be perfected. *Dudukovich,* 58 Ohio St.2d at 204, 12 O.O.3d 198, 389 N.E.2d 1113. As thoroughly discussed, our decision and the decisions upon which we rely are not in conflict with the mandates set forth in *Dudukovich,* as the cases are factually distinguishable.

{¶ 34} Moreover, we decline to extend *Dudukovich* to permit parties appealing administrative decisions to disregard the explicit requirements of R.C. 2505.04. Not only would such an extension ignore the Ohio Supreme Court mandate that an appeal can be perfected only in the manner prescribed by that statute, but the extension would ignore 16 years of established court precedent that has created stability and predictability when filing an administrative appeal in the Twelfth District. See *Midwest Fireworks,* 91 Ohio St.3d 174, 743 N.E.2d 894; *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 1.

{¶ 35} The precedent established in this court over the last 16 years to perfect an administrative appeal pursuant to R.C. 2505.04 was not followed. The dissent asserts that this court should abandon its prior decisions because of a disagreement with our interpretation of R.C. 2505.04 after *Dudukovich.* Neither Welsh nor the dissent, however, has analyzed such a departure from the doctrine of stare decisis under the standard outlined by the Ohio Supreme Court in *Galatis.*

{¶ 36} As the Ohio Supreme Court explained, "[t]he doctrine of stare decisis is designed to provide continuity and predictability in our legal system. We adhere to stare decisis as a means of thwarting the arbitrary administration of justice as well as providing a clear rule of law by which the citizenry can organize their affairs." *Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 43. The doctrine is " 'of fundamental importance to the rule of law.' " Id. at ¶ 43–44. Indeed, the United States Supreme Court has long revered the doctrine. See *Helvering v. Hallock* (1940), 309 U.S. 106, 119, 60 S.Ct. 444, 84 L.Ed. 604; *Vasquez v. Hillery* (1986), 474 U.S. 254, 265, 266, 106 S.Ct. 617, 88 L.Ed.2d 598 ("[Stare decisis] permits society to presume that bedrock principles are founded in the law rather than in the proclivities of individuals, and thereby contributes to the integrity of our constitutional system of government, both in appearance and in fact"); *Pollock v. Farmers' Loan & Trust Co.* (1895), 157 U.S. 429, 652, 15 S.Ct. 673, 39 L.Ed. 759 (White, J., dissenting) ("The fundamental conception of a judicial body is that of one hedged about by precedents which are binding on the court without regard to the personality of its members. Break down this belief in judicial continuity * * * to depart from the settled conclusions of its predecessors, and to determine them all according to the mere opinion of those who temporarily fill its bench, [and it will leave our Constitution bereft of value and it will] become a most dangerous instrument to the rights and liberties of the people"). Thus, the doctrine of stare decisis will not be abandoned without special justification. *Galatis* at ¶ 44.

{¶ 37} The dissent cites a recent Ohio Supreme Court decision involving the admission of evidence in a criminal case to support its theory that the doctrine of stare decisis does not apply to this case. *State v. Silverman*, 121 Ohio St.3d 581, 2009-Ohio-1576, 906 N.E.2d 427. *Silverman* held that "stare decisis plays a reduced role" in matters involving "an evidentiary rule." Id. at ¶ 33. This case, however, involves a statute prescribing the method a party must follow in perfecting its appeal.

{¶ 38} "Considerations in favor of *stare decisis* are at their acme * * * where reliance interests are involved." Id. at ¶ 31, quoting *Payne v. Tennessee* (1991), 501 U.S. 808, 828, 111 S.Ct. 2597, 115 L.Ed.2d 720. "Individuals conducting their affairs must be able to rely on the law's stability." Id. A party should be able to rely upon consistent precedent for guidance in organizing and filing an appeal with a court. It goes without saying that stability and consistency are of fundamental importance in interpreting rules prescribing methods of access to courts of law. Therefore, we find *Silverman* inapplicable to this case.

{¶ 39} This court will adhere to precedent unless "(1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it." *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, Id. at ¶ 48; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, fn. 7.

{¶ 40} The first element we consider is whether *Ware* and *Weatherholt* were wrongly decided at the time this court decided both cases: *Ware* in 1994 and *Weatherholt* in 2008. Our discussion above demonstrates why the cases were not wrongly decided, and we find no change in circumstances that would not justify continued adherence to those decisions. The language of R.C. 2505.04 is clear: a party must file a notice of appeal with the agency from which it is appealing. We will not modify the language of the statute to insert a phrase permitting a party to perfect an administrative appeal by filing a notice with the common pleas court and causing a copy to be served upon the agency through a clerk of courts. See *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77.

{¶ 41} Secondly, we consider whether our decisions defy practical workability. *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 48. Neither Welsh nor the dissent has pointed to anything that would suggest that our prior decisions defy practical workability. There is no indication that our former cases have caused chaos in the lower courts or created "massive and widespread

confusion." Id. at ¶ 50. There is also no indication that districts with which our cases are consistent have experienced such confusion.

{¶ 42} Finally, we consider whether abandoning the precedent would create an undue hardship for those who have relied upon it. *Galatis* at ¶ 48. Litigants and lower courts within our district have a right to rely upon consistent case law and should not be subjected to arbitrary administration of justice. See id. at ¶ 43. Moreover, they are bound by our decisions until the Ohio Supreme Court overrules them. "At its core, stare decisis allows those affected by the law to order their affairs without fear that the established law upon which they rely will suddenly be pulled out from under them." *James B. Beam Distilling Co. v. Georgia* (1991), 501 U.S. 529, 551–552, 111 S.Ct. 2439, 115 L.Ed.2d 481 (O'Connor, J., dissenting).

{¶ 43} Notably, the appellant in *Weatherholt* attempted to perfect her appeal through service of process in 2006, one year after Welsh. The dissent fails to recognize the undue hardship and unfairness resulting from a departure from our prior decisions. It would create confusion among those litigants and courts who have relied upon our long-standing decision in *Ware*, which was reaffirmed less than two years ago in *Weatherholt*.

{¶ 44} It is clear that this court should not abandon the principles of stare decisis in this case. The decisions upon which we rely were not wrongly decided, and any departure from established precedent would create undue hardship.

{¶ 45} Accordingly, we find unpersuasive Welsh's argument extending *Dudukovich* to permit a request to serve the administrative agency with a copy of a notice of appeal as satisfaction of the explicit requirements set forth in R.C. 2505.04.

{¶ 46} Within its first assignment of error, Welsh also argues that it perfected its appeals by mailing copies of the cover letter, an unfiled complaint, an unfiled notice of supersedeas bond, and an unfiled praecipe to the WCRPC's chief legal counsel within the required time period. Welsh asserts that the relationship between counsel and the WCRPC was sufficient to expect that delivery to counsel would put the WCRPC on notice of the appeal.

{¶ 47} Sending courtesy copies of documents to the Warren County assistant prosecutor does not constitute filing for purposes of R.C. 2505.04. *Patrick Media Group, Inc. v. Cleveland Bd. of Zoning Appeals* (1988), 55 Ohio App.3d 124, 562 N.E.2d 921. See also *Kilburn*, Warren App. No. CA94–12–105, 1995 WL 577687. As stated, R.C. 2505.04 requires Welsh to file a notice of appeal with the WCRPC. To the extent that any ambiguity exists in R.C. 2505.04, R.C. 2505.03 directs us to apply the appellate rules and to treat the board as a trial court. In that situation, clearly, an appellant could not appeal from a trial court to this

court by mailing the notice to the prosecutor who serves as that court's counsel. *Patrick Media Group,* 55 Ohio App.3d at 125, 562 N.E.2d 921.

{¶ 48} Therefore, service on the opposing counsel, despite a close relationship between counsel and the agency, is insufficient to satisfy R.C. 2505.04. Id. See also *Bd. of Trustees Union Twp. v. Bd. of Zoning App. Union Twp.* (Sept. 23, 1983), Licking App. No. CA–2965, 1983 WL 7042 (court was without subject matter jurisdiction where appellant board of trustees served a copy of a notice of appeal on the Licking County prosecutor but failed to file a notice with its own board of zoning appeals); *Guy v. Steubenville* (Jan. 15, 1998), Jefferson App. No. 97–JE–22, 1998 WL 13866 (where the notice of appeal was mistakenly filed with the city's law director instead of the Steubenville Civil Service Commission, appellant failed to timely perfect his appeal, despite the fact that the city law director and the civil service commission shared a secretary and the same address); *Warren–Oxford Ltd. Partnership v. Warren Cty. Bd. of Commrs.* (Feb. 27, 1989), Warren App. No. CA88–08–059, 1989 WL 16734 (" 'filing' a paper or document means actually delivering it to the official charged with responsibility for receiving or taking control of it"); *Blasko v. Ohio State Bd. of Pharmacy* (2001), 143 Ohio App.3d 191, 757 N.E.2d 846.

{¶ 49} Accordingly, Welsh has failed to employ the proper procedural channels to perfect its appeal, as prescribed in R.C. 2505.04. Welsh's first assignment of error is overruled.

{¶ 50} Assignment of Error No. 2:

{¶ 51} "The trial court and magistrate erred to the prejudice of appellants by dismissing appellants' corollary constitutional claims for failure to exhaust administrative remedies."

{¶ 52} Welsh argues that the trial court erred in dismissing its constitutional claims against the WCRPC for failing to exhaust its administrative remedies. Welsh asserts that because it is challenging the constitutionality of various provisions of the Warren County Subdivision Regulations, it is not required to first exhaust its administrative remedies.

{¶ 53} Specifically, counts eight through ten of Welsh's first complaint and counts seven through nine of its second complaint seek a declaratory determination that certain provisions of the regulations are unconstitutional as applied to Welsh. Its remaining claims, claims for regulatory taking, equal protection, and a violation of Section 1982, Title 42, U.S.Code, all stem from the alleged unconstitutionality of the subdivision regulations.

{¶ 54} Three elements are necessary to obtain a declarative judgment as an alternative to other remedies: (1) a real controversy exists between adverse

parties, (2) it is justiciable in character, and (3) speedy relief is necessary to the preservation of rights that may be otherwise impaired or lost. *Fairview Gen. Hosp. v. Fletcher* (1992), 63 Ohio St.3d 146, 149, 586 N.E.2d 80.

{¶ 55} The WCRPC raised in its answer, however, the affirmative defense that Welsh failed to exhaust its administrative remedies and is therefore barred from seeking declaratory relief. Prior to instituting a declaratory judgment action to determine the validity of the subdivision regulations, a party must ordinarily exhaust its administrative remedies. *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 17, 526 N.E.2d 1350; *BP Communications Alaska, Inc. v. Cen. Collection Agency* (2000), 136 Ohio App.3d 807, 813, 737 N.E.2d 1050.

{¶ 56} Two exceptions to this rule exist, however. Id. First, exhaustion is not required if there is no available remedy that can provide the relief sought or if resorting to administrative remedies would be wholly futile. Second, exhaustion of remedies is unnecessary when the available remedy is onerous or unusually expensive. *Karches,* 38 Ohio St.3d at 17, 526 N.E.2d 1350; *BP Communications,* 136 Ohio App.3d at 813, 737 N.E.2d 1050.

{¶ 57} The first exception applies when it would be impracticable to pursue an administrative remedy because the administrative entity lacks the authority to render relief. Id. For instance, an administrative agency is without jurisdiction to determine the constitutional validity of a statute. *Jones v. Chagrin Falls* (1997), 77 Ohio St.3d 456, 460–461, 674 N.E.2d 1388. Therefore, it would be futile to force a party to exhaust its administrative appeals to an agency that can afford no meaningful relief. *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 115, 564 N.E.2d 477.

{¶ 58} It is an entirely different matter, however, to assert that a party's actions were unconstitutional. *BP Communications,* 136 Ohio App.3d at 814, 737 N.E.2d 1050. That allegation does not question the validity of the statute or law, but rather, whether the party's actions were in accordance with the law. Id.

{¶ 59} In *Karches,* the Ohio Supreme Court held that although the exhaustion of administrative remedies is usually required to determine the validity of a zoning ordinance as applied to a specific parcel of property, the property owners demonstrated through evidence of repeated applications and denials and evidence of a petition to change the city's zoning ordinance that its attempts were futile. 38 Ohio St.3d at 16–17, 526 N.E.2d 1350. The Ohio Supreme Court determined that the property owners were therefore allowed to pursue their action for declaratory judgment, although they had not exhausted their administrative remedies, because they met the first exception to the rule. Id.

{¶ 60} In the case sub judice, Welsh is challenging the constitutionality of the subdivision regulations as applied to its specific proposed development plans. Welsh, however, has failed to demonstrate why this court should apply either exception to the general rule that it must first exhaust its administrative remedies. Had Welsh properly perfected its appeal to the common pleas court, it would have had an adequate administrative remedy available that could have provided it with the appropriate relief sought. See *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 273, 71 O.O.2d 247, 328 N.E.2d 395. We hold that the trial court did not err in dismissing Welsh's claims for failure to exhaust its administrative remedies. Welsh's second assignment of error is overruled.

Judgment affirmed.

POWELL, J., concurs.

RINGLAND, J., concurs in part and dissents in part.

RINGLAND, J., concurring in part and dissenting in part.

{¶ 61} While I recognize that this district has followed this precedent since 1994, I believe this court's decisions are an improper interpretation of R.C. 2505.04 and disregard clear Ohio Supreme Court precedent. Filing a notice of appeal with the court and service by the clerk of courts of a copy of the filed notice within the 30–day time limit constitutes a perfected appeal under R.C. 2505.04.

{¶ 62} This appellate district originally adopted the precedent followed by the majority in the instant appeal in *Ware v. Hamilton Civil Serv. Comm.* (Aug. 29, 1994), Butler App. No. CA94–01–020, 1994 WL 462192. Citing *Guysinger v. Chillicothe Bd. of Zoning Appeals* (1990), 66 Ohio App.3d 353, 584 N.E.2d 48, this court held that service of the notice of appeal upon the agency by the court clerk does not satisfy R.C. 2505.04.

{¶ 63} *Guysinger* was not adopted without criticism. Writing separately, Judge Koehler questioned the *Ware* majority. "I am not as certain as the majority that the notice of appeal in this cause was not 'filed' with the commission. The commission received notice of appeal within the time constraints established by statute. Appellant could have served the notice of appeal on the commission personally, by counsel, by his wife, or by any other agent he might have designated. The clerk of courts could be considered appellant's agent. A filing stamp indicating the notice was also filed in the common pleas court would not prevent the notice of appeal from being sufficiently *filed* with the commission. No matter who presented the notice of appeal to the commission, the place designated by statute, and no matter how many other places it may have been filed before notice was given to the commission, it served its statutory purpose."

(Emphasis sic.) *Ware,* Butler App. No. CA94–01–020, 1994 WL 462192 at *1–2. (Koehler, J., dubitante).

{¶ 64} As the majority in the instant appeal indicates, the Ohio Supreme Court has issued one decision relating to the process of perfecting an administrative appeal under R.C. 2505.04, *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113. Certainly, in considering the perfection of an administrative appeal pursuant to R.C. 2505.04, any discussion should begin with *Dudukovich.* Yet in *Guysinger,* the Fourth District Court of Appeals never considered or even mentioned the precedent. Rather, the court makes its own interpretation of the statute, concluding that filing a notice of appeal with the court and serving a copy to the agency does not satisfy R.C. 2505.04. *Guysinger,* 66 Ohio App.3d at 357, 584 N.E.2d 48. Whether the Fourth District's omission was deliberate or unintentional is uncertain because *Guysinger* contains no reference or citation to *Dudukovich.*

{¶ 65} The majority mentions that four additional appellate districts similarly hold that an appeal is not perfected pursuant to R.C. 2505.04 through service by the clerk of court on the administrative agency. Like this court, each of these districts adopted *Guysinger* as the primary authority for this position with no mention of *Dudukovich.* See *Andolsek v. Willoughby Hills Bd. of Zoning Appeals* (Dec. 10, 1993), Lake App. No. 93–L–050, 1993 WL 548046; *Recourse Recovery Sys. of Bluffton v. Village Zoning & Bd. of Appeals* (Apr. 24, 1996), Allen App. No. 1–95–77, 1996 WL 197446; *Chapman v. Hous. Appeals Bd.* (Aug. 13, 1997), Summit App. No. 18166, 1997 WL 537651; *Voss v. Franklin Cty. Bd. of Zoning Appeals,* Franklin App. No. 08AP–531, 2008-Ohio-6913, 2008 WL 5423310.

{¶ 66} Indeed, the subsequent decisions issued by this court similarly contained no reference to the standard espoused in *Dudukovich.* See *Kilburn v. S. Lebanon* (Oct. 2, 1995), Warren App. No. CA94–12–105, 1995 WL 577687; *Loveland Park Baptist Church v. Deerfield Twp.* (Dec. 26, 2006), Warren App. No. CA2000–03–032, 2000 WL 1875823; *Weatherholt v. Hamilton,* Butler App. No. CA2007–04–098, 2008-Ohio-1355, 2008 WL 757528.

{¶ 67} In *Dudukovich,* a notice of appeal was sent via certified mail and received by the agency within the statutorily mandated time period. 58 Ohio St.2d at 204, 12 O.O.3d 198, 389 N.E.2d 1113. On appeal to the Supreme Court, the agency claimed that the appellee had not sufficiently complied with R.C. 2505.04 by mailing a copy of the notice. The court stated, "The term 'filed' * * * requires actual delivery * * *." Id., citing *Fulton, Supt. of Banks v. Gen. Motors Corp.* (1936), 130 Ohio St. 494, 5 O.O. 142, 200 N.E. 636, paragraph one of the syllabus. In *Dudukovich,* the Ohio Supreme Court clearly explained the filing requirement of R.C. 2505.04, instructing that "no particular method of delivery is prescribed by the statute. * * * '[A]ny method productive of certain-

ty of accomplishment is countenanced.' Having considered appellee's method of service, we find that simply '[b]ecause the manner of delivery is unusual does not make it illegal.'" (Citations omitted.) Id. at 204, 12 O.O.3d 198, 389 N.E.2d 1113.

{¶ 68} Ultimately, the court concluded that the appellee's use of certified mail was sufficient under R.C. 2505.04. Id. at 205, 12 O.O.3d 198, 389 N.E.2d 1113. "Here a copy of the notice of appeal was sent by certified mail, to a destination within the same city, five days prior to the expiration of the statutory time limit. * * * [A] presumption of timely delivery controls; thus, the Court of Common Pleas correctly assumed jurisdiction in this cause." Id.

{¶ 69} *Guysinger,* 66 Ohio App.3d 353, 584 N.E.2d 48, which provides the basis for this district's precedent, relies upon an erroneous, unsupported reading of the statute due to its failure to follow the definition and analysis provided in *Dudukovich.* Neither the majority in this case nor the districts that follow *Guysinger* offer any reasoning to explain why service by the clerk upon the agency is not a "method productive of certainty." See *Hanson v. Shaker Hts.,* 152 Ohio App.3d 1, 2003-Ohio-749, 786 N.E.2d 487, ¶ 12.

{¶ 70} The majority wishes to factually distinguish the instant appeal from *Dudukovich* based upon the differing method employed by Welsh to file its notice of appeal. In support, the majority submits a laundry list of subsequent decisions from those districts that follow the *Guysinger* logic, which similarly strain to distinguish *Dudukovich* factually. Yet *Dudukovich* states that "any method" is sufficient as long as it is "productive of certainty of accomplishment." 58 Ohio St.2d at 204, 12 O.O.3d 198, 389 N.E.2d 1113.

{¶ 71} If certified mail is a sufficient form of delivery, as it was in *Dudukovich,* certainly service by the court clerk is an adequate method to satisfy the requirements of R.C. 2505.04. The method is not so unusual that delivery would be speculative. Like certified mail, service by the clerk is a dependable method that the legal system relies upon daily to effectuate delivery. Service by the clerk satisfies the Supreme Court's definition of "filing."

{¶ 72} R.C. 119.12 contains the procedure for perfecting an appeal from a state government agency. The provision provides, "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of the notice of appeal shall also be filed by the appellant with the court."

{¶ 73} Distinct differences exist between the administrative procedures to perfect an appeal prescribed in R.C. 119.12 and 2505.04.

{¶ 74} R.C. 2505.04 states, "An appeal is perfected when a written notice of appeal is filed * * * in the case of an administrative-related appeal, with the

administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."

{¶ 75} R.C. 119.12 places distinct requirements when filing a notice of appeal to a state agency. The provision requires the notice of appeal to be filed with the agency and, thereafter, a copy of the notice filed with court. See *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, ¶ 26–33. *Guysinger*, 66 Ohio App.3d 353, 584 N.E.2d 48, and its progeny additionally wish to inject a R.C. 119.21 construction into R.C. 2505.04. However, R.C. 2505.04 has omitted any obligation specifying the R.C. 119.21 strict chronological filing requirements.

{¶ 76} By neglecting to include such requirements, the legislature does not believe these concerns are important or necessary. Rather, the legislature is interested only in requiring an appellant to provide the agency with notice of the appeal within the statutory time period. Once the agency receives a timely notice of appeal properly filed under the *Dudukovich* standard, the appeal is perfected. If the legislature wished to establish strict filing requirements in R.C. 2505.04, it would have included language similar to R.C. 119.12. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941; *Ohio Sav. & Trust Co. v. Schneider* (1927), 25 Ohio App. 259, 262, 159 N.E. 338.

{¶ 77} Allowing perfection of an appeal when notice is served by the clerk, as authorized by the Second, Sixth, Fifth, and Eighth Appellate Districts, is the better-reasoned approach and comports with the Supreme Court's holding in *Dudukovich*.

{¶ 78} When the right to appeal is conferred by statute, like in an administrative appeal, it can be perfected only in the mode prescribed by statute. *Zier v. Bur. of Unemployment Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746, paragraph one of the syllabus. Despite the majority's contention, the language of the R.C. 2505.04 requires only that a notice of appeal be timely filed with the agency to be properly perfected. Form of delivery or order of receipt by the agency is irrelevant as long as the notice is sent using a "method productive of certainty of accomplishment" and the "actual delivery" is accomplished within the statutory time limit. *Dudukovich*, 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113. Moreover, if one cannot perfect an appeal without strictly adhering to statutory requirements, courts should not add conditions that are not strictly required by the statute.

{¶ 79} "[T]he primary objective of a notice of appeal is to make it known that an appeal is being taken." *Richards v. Industrial Comm.* (1955), 163 Ohio St. 439, 446, 56 O.O. 383, 127 N.E.2d 402. Similarly, "the purpose of the notice of appeal is 'to apprise the opposite party of the taking of an appeal.'" Id. at 447,

56 O.O. 383, 127 N.E.2d 402, citing *Capital Loan & Sav. Co. v. Biery* (1938), 134 Ohio St. 333, 339, 12 O.O. 128, 16 N.E.2d 450.

{¶ 80} "The Supreme Court has consistently held that the issue of service is one of due process." *McCormick v. Wellston Bd. of Zoning Adjustment* (Oct. 18, 1982), Jackson App. No. 463, 1982 WL 3561, *2. "Due process requires that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Foreclosure of Liens for Delinquent Taxes* (1980), 62 Ohio St.2d 333, 16 O.O.3d 393, 405 N.E.2d 1030, paragraph one of the syllabus. "The issue of service is a shield to protect due process rights; it is not a sword to cut down legitimate appellants who seek redress." *McCormick*, Jackson App. No. 463, 1982 WL 3561, at *2. "[Notice] procedures should be liberally construed so that cases are determined on their merits and notice is sufficient if it substantially informs all parties of the appeal." *Hagan v. Marlboro Twp. Bd. of Zoning Appeals* (Jan. 29, 1996), Stark App. No. 95 CA 0086, 1996 WL 74009, *2, citing *Potters Med. Ctr., Inc. v. Ohio Dept. of Ins.* (1989), 62 Ohio App.3d 476, 481, 575 N.E.2d 1224.

{¶ 81} Timely service of the notice of appeal by the clerk of courts undoubtedly satisfies due process. The *Guysinger* line of cases is merely an example of courts favoring form over substance and denies litigants based upon superfluous technicalities. Receipt of a timely notice of appeal, whether hand-delivered, sent via certified mail, or served by the clerk of courts, apprises the agency of the pendency of an appeal.

{¶ 82} In *Hanson v. Shaker Hts.*, 152 Ohio App.3d 1, 2003-Ohio-749, 786 N.E.2d 487, the Eighth District Court of Appeals succinctly criticized the *Guysinger* reasoning: "Although procedural requirements are a vital component of a properly functioning judicial system, it is ridiculous to base a dismissal upon the petty gripes raised here. Moreover, interpreting R.C. 2505.04 so aggressively against the right of appeal would be patently unfair * * *. For example, although R.C. 2505.04 makes no statement concerning the filing of a notice with the common pleas court, *Dudukovich* ruled that the appellant must file a notice with the court of common pleas in order to perfect the appeal. Because the appellant continues to have a duty to file the appeal with both the administrative body and the common pleas court, the appellee should not be allowed to quibble over which must be filed first." (Footnote omitted.) Id. at ¶ 11.

{¶ 83} Similarly, in *Evans by Evans v. Greenview Local School Dist.* (Jan. 4, 1989), Greene App. No. 88 CA 40, 1989 WL 569, four suspended high school students filed an appeal from a school board decision by filing their notice of appeal in the common pleas court. Id. at *1. The clerk of courts served a notice of appeal on the school board via certified mail. Id. The Second District held

that this procedure satisfied R.C. 2505.04 under the mandates of *Dudukovich.* Id. at *2. "Having reviewed the procedure followed by the students, we conclude in light of *Dudukovich* that notice was timely and properly given to the School District. Since a copy of the notice of appeal was actually delivered to the School District, the notice of appeal was 'filed' with the School District." Id.

{¶ 84} *Evans* clearly demonstrates that whether the appellant or the clerk is the source for sending the certified mail is of no consequence as long as the notice is actually delivered within the statutory time period.

{¶ 85} The majority claims to agree with *Dudukovich,* 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113, but ignores the analysis provided by the Supreme Court in that case. Instead, the majority's analysis injects a rigid definition of "filed," concluding that "service" is not a satisfactory method to satisfy the filing requirement of R.C. 2505.04.

{¶ 86} Yet the Supreme Court has provided a definition for determining what methods of delivery satisfy the R.C. 2505.04 filing requirement: "[N]o particular method of delivery is prescribed by the statute. * * * '[A]ny method productive of certainty of accomplishment is countenanced.' * * * [S]imply '[b]ecause the manner of delivery is unusual does not make it illegal.' " *Dudukovich,* 58 Ohio St.2d at 204, 12 O.O.3d 198, 389 N.E.2d 1113. The majority in this case provides no explanation for why hand-delivery or certified mail sent by the appellant, as in *Dudukovich,* are reasonably certain methods of delivery, while service by the clerk is not.

{¶ 87} In this case, Welsh filed its notices of appeal with the Warren County Court of Common Pleas with instructions to serve a copy of the notice and complaint to the WCRPC. The WCRPC acknowledges that it received the notices within the statutory time limit. The receipt of the notices by the agency properly perfected Welsh's appeal under R.C. 2505.04. As a result, I would sustain Welsh's first assignment of error.

{¶ 88} Moreover, the majority criticizes my decision to deviate from stare decisis of this court, citing an inapplicable standard. The majority engages in a lengthy analysis of the factors espoused in *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.

{¶ 89} I recognize the importance of stare decisis in our legal system. See *Welch v. Texas Dept. of Highways & Pub. Transp.* (1987), 483 U.S. 468, 494–495, 107 S.Ct. 2941, 97 L.Ed.2d 389. However, recently, in *State v. Silverman,* 121 Ohio St.3d 581, 2009-Ohio-1576, 906 N.E.2d 427, the Ohio Supreme Court stated, "Although the principle of 'stare decisis is the bedrock of the American judicial system,' *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, quoting *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797

N.E.2d 1256, it is one 'of policy and not a mechanical formula of adherence to the latest decision.' *Payne v. Tennessee* (1991), 501 U.S. 808, 828, 111 S.Ct. 2597, 115 L.Ed.2d 720, quoting *Helvering v. Hallock* (1940), 309 U.S. 106, 119, 60 S.Ct. 444, 84 L.Ed. 604." Id. at ¶ 30.

{¶ 90} The doctrine of stare decisis is not to be followed blindly. *Cleveland v. Ryan* (1958), 106 Ohio App. 110, 112, 6 O.O.2d 370, 148 N.E.2d 691. Nor should the rule be used as the sole reason for perpetuation of a rule of law that has proved unsound and unjust. *Carter–Jones Lumber Co. v. Eblen* (1958), 167 Ohio St. 189, 197, 4 O.O.2d 256, 147 N.E.2d 486.

{¶ 91} "Considerations in favor of stare decisis are at their acme * * * where reliance interests are involved." Id. at ¶ 31, citing *Payne,* 501 U.S. at 828, 111 S.Ct. 2597, 115 L.Ed.2d 720. "Individuals conducting their affairs must be able to rely on the law's stability." Id., citing *United States ex rel. Fong Foo v. Shaughnessy* (C.A.2, 1955), 234 F.2d 715, 719. As a result, the court concluded that *Galatis* applies only to matters of substantive law. Id.

{¶ 92} The court further explained that "the opposite is true in cases * * * involving procedural and evidentiary rules, * * * because a procedural or evidentiary rule 'does not serve as a guide to lawful behavior.'" Id., citing *Payne,* 501 U.S. at 828, 111 S.Ct. 2597, 115 L.Ed.2d 720; and *United States v. Gaudin* (1995), 515 U.S. 506, 521, 115 S.Ct. 2310, 132 L.Ed.2d 444. In fact, "as to such rules, stare decisis has relatively little vigor." *Shaughnessy,* 234 F.2d at 719.

{¶ 93} As support for the *Silverman* decision, the Ohio Supreme Court relied upon two decisions of the United States Supreme Court in which precedent relating to a rule of procedure was overturned. In *Hohn v. United States* (1998), 524 U.S. 236, 118 S.Ct. 1969, 141 L.Ed.2d 242, the United States Supreme Court revisited an earlier decision concerning the court's statutory certiorari jurisdiction to review denials of certificates of probable cause. Id. at 251, 118 S.Ct. 1969, 141 L.Ed.2d 242. The court overruled *House v. Mayo* (1945), 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739, concluding that the earlier decision was erroneous and should no longer be followed. *Hohn,* 524 U.S. at 251, 118 S.Ct. 1969, 141 L.Ed.2d 242. Similarly, in *Pearson v. Callahan* (2009), —— U.S. ——, 129 S.Ct. 808, 818, 172 L.Ed.2d 565, the court unanimously abandoned the procedural rule it declared in *Saucier v. Katz* (2001), 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272.

{¶ 94} As in *Hohn* and *Pearson,* the rule at issue in this case is purely procedural. The *Galatis* rule, which applies only to matters of substantive law, clearly has no application to the case at bar. *Silverman* at ¶ 31. As a result, stare decisis, as used by the majority, does not require this court to continue with this precedent. As the Supreme Court reasoned in *Silverman* regarding its deviation from stare decisis of an evidentiary rule, no individual has a vested right in the way this court interprets R.C. 2505.04. Id.

{¶ 95} Having said all the above, I submit that the foregoing dissent follows the directive and stare decisis set by the Ohio Supreme Court, while the majority would continue to perpetuate a rule which has failed to incorporate the Supreme Court's mandates in *Dudukovich.*

{¶ 96} Finally, the majority opines that the position taken by the dissent fails to recognize the undue hardship and unfairness that would result from a departure of the majority's prior decision. However, what hardships would occur when a party is allowed a forum to present its appeal instead of being summarily denied a chance to obtain recourse based upon an erroneous law? Welsh should not be punished for following the directive of the Supreme Court.

{¶ 97} Based upon the foregoing analysis, I respectfully dissent from the majority's conclusion that Welsh failed to perfect its administrative appeal by serving a notice of appeal to the WCRPC through service by the clerk. I concur with the majority's analysis and conclusion that delivery of a courtesy copy to the Warren County assistant prosecutor does not satisfy the filing requirements of R.C. 2505.04. I would overrule appellant's second assignment of error as moot.